## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ADVANCED DIGITAL FORENSIC SOLUTIONS, INC.** ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:2007cv00683 CKK |
| ) | |
| **LTU TECHNOLOGIES, INC.** ) | |
| ) | |
| and ) | |
| ) | |
| **LTU TECHNOLOGIES, S.A.S.** ) | |
| ) | |
| 132 rue de Rivoli 75001 ) | |
| Paris, France ) | |
| ) | |
| and ) | |
| ) | |
| **JASTEC INTERNATIONAL, INC.** ) | |
| ) | |
| and ) | |
| ) | |
| **JASTEC CO., LTD.** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER OF DEFENDANT LTU TECHNOLOGIES, S.A.S.

Defendant LTU Technologies, S.A.S. ("LTU France"), for its Answer against Plaintiff, Advanced Digital Forensic Solutions, Inc. ("ADF Solutions"), responds to the Complaint in the paragraphs below. LTU France has no authority to admit or deny allegations on behalf of the other three defendants (LTU Technologies, Inc., JASTEC International, Inc., and JASTEC Co., Ltd). Accordingly, this Answer relates only to allegations directed to LTU France, and not to allegations directed at the other three defendants. For ease of reference, the allegations in the Complaint are in boldface lettering, and LTU France's answers to these allegations are in regular lettering.

## THE PARTIES

1.      **Plaintiff ADF Solutions is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 8070 Georgia Avenue, Silver Spring, Maryland 20910.**

Admitted.

2.      **Defendant LTU is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business located at 1725 Eye Street N.W., Suite 300, Washington, D.C. 20006.  LTU is a wholly owned subsidiary of Defendant LTU France.**

Defendant LTU Technologies, S.A.S. ("LTU France") admits that Defendant LTU Technologies, Inc. ("LTU") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business located at 816 Connecticut Avenue NW, Suite 200, Washington, D.C. 20006.  LTU France further admits that LTU is a wholly owned subsidiary of LTU France.  LTU France denies the remaining allegations in paragraph 2.

3.      **LTU France is a corporation incorporated under the laws of France with a principal place of business at 57, Rue Pierre Charron, Paris F-75008, France. It was acquired by Defendant Jastec International in April 2005. Upon information and belief, LTU France regularly conducts business in the District of Columbia, including business with its wholly owned subsidiary located in the District.**

LTU France admits that it is a corporation incorporated under the laws of France with a principal place of business at 132 rue de Rivoli 75001 Paris, France.  LTU France further admits that it was acquired by Defendant JASTEC International, Inc. ("JASTEC International") in March 2005.  LTU denies the remaining allegations in paragraph 3.

4.     **Defendant Jastec International is a corporation organized and existing under the laws of the State of New York. It is the holding company for LTU France and LTU, and is itself a subsidiary of Jastec. Upon information and belief, Jastec International directs LTU's business in the District of Columbia on behalf of Defendant Jastec, and directly engages in the promotion of its services in the District of Columbia.**

Denied.

5.     **Defendant Jastec is a corporation organized and existing under the laws of Japan. It is a software services and solutions provider located in Tokyo, Japan. Jastec has been listed on the first section of the Tokyo stock exchange since May 1, 2003 and it is now attempting to expand its business internationally, including into the United States and the District of Columbia, through Jastec International, LTU and LTU France. Upon information and belief, Jastec directly engages in the promotion of its services and the services of its subsidiaries in the District of Columbia.**

LTU France admits that Defendant JASTEC Co., Ltd. ("JASTEC") is a software services and solutions provider located in Tokyo, Japan. LTU France is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies the same.

## JURISDICTION AND VENUE

6.     **This action arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq*, the Lanham Act, 15 U.S.C. §1051 *et seq*; and the common law of the District of Columbia. This Court has original exclusive Federal question jurisdiction over the copyright violation complaint pursuant to 28 U.S.C. §§ 1338. The Court has original federal question jurisdiction and diversity jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1332.**

LTU France admits that this action purportedly arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq*, the Lanham Act, 15 U.S.C. §1051 *et seq*; and the common

law of the District of Columbia.  LTU France also admits that this Court has original jurisdiction of any action arising under the Copyright Laws of the United States or the Lanham Act pursuant to 28 U.S.C. § 1338.  LTU France further admits that  the Court has federal question jurisdiction of any action arising under the Copyright Laws of the United States or the Lanham Act pursuant to 28 U.S.C. § 1331.  LTU France denies the remaining allegations in paragraph 6, including that the Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332 with regard to LTU France.

**7.    The Court has personal jurisdiction over the Defendants.  The Court has personal jurisdiction over Defendant LTU because LTU is incorporated in the District of Columbia and regularly conducts business in the District. The Court has both general jurisdiction over Defendant LTU France, because LTU France regularly conducts business in the District through LTU and sells and markets its product to agencies in the District of Columbia. The Court has general and specific jurisdiction over the Jastec Defendants because the Jastec Defendants have repeatedly conducted business in the District through their subsidiaries, and, upon information and belief, the LTU Defendants have acted pursuant to the direction and on behalf of the Jastec Defendants.  Finally, upon information and belief the Jastec Defendants have repeatedly promoted their services   and the services of their subsidiaries in the District of Columbia.**

LTU France admits that the Court has personal jurisdiction over LTU France.  LTU France denies the remaining allegations in paragraph 7.

**8.    Venue is proper in this District under 28 U.S.C. § 1391 as Defendants regularly conduct business throughout this District, a substantial part of the events or omissions giving rise to the claims asserted occurred in this judicial district, and Defendant is subject to personal jurisdiction within this district.**

LTU France admits only that venue is proper in this District with respect to LTU France pursuant to 28 U.S.C. § 1391(c).  LTU France denies the remaining allegations in paragraph 8.

**<u>FACTS</u>**

**9.    ADF Solutions is the original and leading provider of software triage and data identification tools for forensic analysis. These tools allow law enforcement's first responders and forensic examiners to quickly and cleanly analyze suspect computers and automatically identify conclusive digital evidence.**

LTU France is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

**10.    ADF Solutions has marketed its technology to federal law enforcement agencies and is currently licensing its Triage-ID (previously called ADF-Examiner) to several federal state and local law enforcement agencies, including the Federal Bureau of Investigation ("FBI"). The FBI licensed the software to assist its field agents to help combat the usage and distribution of child pornography.**

LTU France admits that ADF Solutions has marketed forensic software to federal law enforcement agencies.  LTU France is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies the same.

**11.    ADF Solutions markets its product, in part, through its registered website: "www.adfsolutions.com" ("ADF's Website"). Plaintiff published the ADF Website on October 25, 2006 and is the copyright owner of the materials published and distributed thereon, including the text, photographs and the compilation of terms and data.**

LTU France admits that ADF Solutions markets forensic software through its web site at the URL http://www.adfsolutions.com.  LTU France is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies the same.

**12.    ADF Solutions applied for a Certificate of Registration with the Copyright Office of the Library of Congress for the text, photographs and the compilation of terms and data published on the ADF Website on December 5, 2006. The application was**

approved with an effective date of December 5, 2006. The Registration Number is TX 6-454-450. The Certificate of Registration is attached hereto as Exhibit A.

LTU France admits that what appears to be a Certificate of Registration for Registration Number TX 6-454-450 is attached as Exhibit A to the Complaint.  LTU  France  is  without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore denies the same.

13.    The effective date of the registration is within three months of the publication of ADF's Website, therefore ADF Solutions is entitled to statutory damages of one hundred fifty thousand dollars ($150,000) per violation for every infringement of its copyright.

LTU France denies that ADF Solutions is entitled to statutory damages in any amount. LTU France is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies the same.

14.    LTU Defendants produce and sells licenses of image recognition software.

LTU France admits only that LTU and LTU France (collectively, the "LTU Defendants") produce and sell licenses of image recognition software and forensic software.

15.    Until recently, LTU Defendants never produced, or offered for sale, licensing software that was intended for triage forensic analysis by law enforcement agencies.

Denied.

16.    Thus, for example, before LTU was acquired by Jastec International in 2005, LTU Defendants did not include triage forensic software as a potential marketplace for their technology in a business plan prepared and presented to Jastec Defendants.

Denied.

17.    **LTU Defendants now seek to move into the marketplace for triage forensic software created by ADF Solutions. To do so, LTU has produced add-on software for its image database and management product, Image-Seeker, that permits it to be used in the forensic field.**

LTU France admits that it has produced forensic software such as "IMAGE-SEEKER"™ for "ENCASE."® LTU France denies the remaining allegations of paragraph 17.

18.    **Upon information and belief, LTU Defendants have sought to move into the marketplace by mirroring its product as closely as possible upon ADF Solutions' technology.**

Denied.

19.    **LTU's newly developed product is being offered in direct competition (in the same marketplace and to the same exact customers) with ADF Solutions' triage product.**

LTU France admits that ADF Solutions' forensic software competes with LTU France's forensic software.  LTU France denies the remaining allegations in paragraph 19.

20.    **In order to market its competing product, LTU Defendants have registered and operate the website appearing under the domain name "www.ltutech.com" (the "Infringing Website").**

LTU France admits only that it has registered and operates a Global Web Site at the URL http://www.ltutech.com (the "Global Web Site") from LTU France's computer server in France. LTU France denies the remaining allegations of paragraph 20, including that the website is "infringing."

21.    **At the Infringing Website, LTU Defendants have attempted to facilitate their move into the marketplace created by ADF Solutions' by copying and reproducing**

language taken directly from ADF's Website, including ADF Solutions' copyrighted product and marketing material.

Denied.

22.    Thus, for example, on November 14, 2006, LTU issued a press release on the Infringing Website. All of LTU's previous marketing language had been "image oriented," but LTU used the opportunity of the press release to attempt to enter into the triage forensic software sector of the industry by literally lifting text from ADF's Website.

Denied.

23.    The following table is a side by side comparison of an example of some of the copyrighted materials that were willfully copied from ADF's Website and now appear at the Infringing Website:

| ADF Website | Infringing Website |
|---|---|
| "Burdened with **frustrating backlogs' today's computer forensic labs** are under tremendous pressure to deliver finings to law enforcement also sometimes wait months for evidence to close their cases." | "LTU Image-Seeker for Encase provides a way to **eliminate the long backlogs in today's computer forensic labs** currently creating multi-month delays in case resolution." |
| "ADF Solutions is addressing this problem with powerful **field & lab triage tools** that immediately **determine if a computer has been used to facilitate a crime**."<br><br>"First responders **can unobtrusively extract conclusive evidence on-site**."<br><br>"The patent pending SearchPak$^{TM}$ technology captures and automates several steps of a forensic examiner's search process, thereby **enabling the first responder to leverage the examiner's expertise without the examiner being onsite**. | Image-Seeker for EnCase (ISE), one of LTU's powerful **field & lab triage tools, determines in real time whether a computer has been used to facilitate a crime, unobtrusively extracting conclusive evidence on-site**. ISE enables investigators to more quickly uncover previously unknown-photographs associated with a recent crime or current case in progress. For investigators, identifying known images on a suspect's hard drive is the most urgent task as it helps to reveal unknown images that may represent evidence of a new crime. ISE speeds the image sorting process, **enabling field officers to quickly identify, and compare known seized images; while enabling the secure sharing of these materials by state, local, federal and** |

| | even international law enforcement authorities. |
|---|---|

LTU France denies that the comparison table beneath paragraph 23 exemplifies copyrighted materials that were willfully copied from ADF's web site and now appear at LTU France's web site. LTU France is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies the same.

24.    **Defendants' Infringing Website contains other examples of text that was directly copied by Defendant from ADF's Website and thereafter used as a marketing tool to directly compete against Plaintiff.**

Denied.

25.    **Each willful act of copying by LTU Defendants constitute a *per se* violation of the Copyright Act entitling ADS' Solutions to statutory damages in the amount of $150,000.00 for each separate violation.**

Denied.

26.    **At the Infringing Website, LTU Defendants use the name "Image-Filter" to identify their services, and use the statutory notices ® in conjunction with its name. See Exhibit B.**

LTU France admits that the LTU Defendants use the trademark "IMAGE-FILTER"® to identify their services. LTU France denies the remaining allegations in paragraph 26.

27.    **LTU Defendants do not have a Federal Registration with the United States Patent and Trademark Office "PTO" for the mark "Image-Filter."**

Denied.

28.    **LTU Defendants do not have a registration in any country that uses the ® symbol.**

Denied.

**29.    LTU Defendants know that they do not have a registered trademark, and are prohibited from using the ® symbol**.

Denied.

**30.    The misuse of the statutory notice for an unregistered mark is a misuse of the Federal Notice and a form of false advertising.**

Denied.

**31.    The use of the ® symbol denotes federal registration and identifies a source for the associated services.**

LTU France admits that the ® symbol may denote, for example, a federal registration in the United States or a trademark registration in France.  LTU France denies the remaining allegations in paragraph 31.

**32.    Consumers commonly associate a registered mark with a particular source, and trademark registration is a valuable asset that provides value to a company's services and trade names.**

LTU France is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies the same.

**33.    Use of the ® symbol can provide a competitor with an advantage in the marketplace, and improper use of the ® symbol conveys an improper advantage.**

LTU France is without information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies the same.

34.    **LTU France has previously filed for trademark protection for the marks "Image-Filter" and "Image-Seeker" under Section 44D of the Lanham Act. Section 44D registrations depend upon a prior registration in a foreign country.**

LTU France admits that it, under LTU France's former corporate name, Lookthatup.com, S.A., previously filed for trademark protection in the United States for the marks "IMAGE-FILTER"® and "IMAGE-SEEKER"[TM] under Section 44D of the Lanham Act. LTU France denies the remaining allegations in paragraph 34.

35.    **Each of LTU France's trademarks were based on the alleged existence of French trademark registrations.**

Denied.

36.    **LTU France did not have valid registrations in France as alleged in its application for registration with the PTO, and as asserted in its affidavit filed with the PTO under penalty of perjury.**

Denied.

37.    **One of the applications identified a French registration for a completely different mark. See Exhibit C.**

LTU France admits that the French registration number identified in Exhibit C corresponds to a different mark than the mark that is the subject of the US trademark application shown in Exhibit C. LTU France is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies the same.

38.    **As a result of LTU France not having valid French registrations the initial mark applications went abandoned after the PTO requested proof of the underlying registrations.**

Denied.

**39.    Falsely misrepresenting the existence of a foreign application and basing allegations of priority right to a trademark upon false statements constitutes a fraud on the PTO and the public.**

This allegation calls for a legal conclusion.  To the extent a response is required, LTU France is without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 39 and therefore denies the same.

**40.    The use of registered trademarks identifies source and provides value and a marketing advantage to a competitor.**

LTU France admits that the use of registered trademarks may identify source and may provide value and a marketing advantage to a competitor.  With respect to the remaining allegations in paragraph 40, LTU France is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies the same.

**41.    Making false statements to the PTO to obtain a federal registration constitutes fraud on the PTO and the public, and unfair competition against competitors.**

This allegation calls for a legal conclusion.  To the extent a response is required, LTU France is without knowledge sufficient to form a belief as to the truth of the allegation in paragraph 41 and therefore denies the same.

**42.    Recently, Defendant re-filed applications at the PTO for "Image-Seeker" and "Image-Finder" trademarks, again based upon French trademark registrations.**

LTU France admits that it filed applications at the PTO for the trademarks "IMAGE-FILTER"® and "IMAGE-SEEKER"™ based upon French trademark registrations.  LTU France denies the remaining allegations in paragraph 42.

43.    As identified above, the LTU Defendants know that they do not have a French registration, as they were required to abandon earlier mark registration applications for failure to supply proof of an underlying French registration for each application.

Denied.

44.    The currently pending applications falsely identify September 21, 2000, as the registration date even though applications before the PTO are executed under penalty of perjury pursuant to 18 U.S.C. § 1001.

Denied.

45.    The LTU Defendants continue to attempt to defraud the PTO and the public through attempts to obtain federal registration of marks under false pretenses, which actions constitute continuing unfair competition with ADF Solutions.

Denied.

46.    At the Infringing Website, LTU Defendants falsely claim they have an ongoing working relationship with the Federal Bureau of Investigation ("FBI"), Cyveillance, Inc. and BizRate.com, among others.

Denied.

47.    LTU Defendants have listed all of these entities as "key clients". See Exhibit D and (http://www.ltutech.com/en/industries.key-clients.html).

LTU France admits Exhibit D is a true and correct copy of a web page at the URL http://www.ltutech.com/en/industries.key-clients.html that mentions "key clients."

48.    The Jastec Defendants have also listed these entities as "key clients". See Exhibit E.

On information and belief, LTU France admits Exhibit E is a web page from what appears to be JASTEC's web site at the URL http://www.jastec.co.jp.  LTU France is without knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies the same.

49.    None of these "key clients" have an ongoing working relationship with LTU Defendants or Jastec Defendants or have implemented their software products.

Denied.

50.    For instance, on information and belief the FBI has never deployed Defendant's product in the field.

Denied.

51.    On information and belief Cyveillance tested and ultimately rejected Defendants' product.

Denied.

52.    On information and belief BizRate.com does not use the products of the LTU Defendants or the Jastec Defendants.

LTU France is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies the same.

53.    On information and belief other companies referenced as "key clients" or customers also do not use the products of the LTU Defendants or the Jastec Defendants.

LTU France is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies the same.

**54.    The false advertisements harm ADF Solutions because ADF Solutions and Defendants are competing in the same marketplace.  Each of the alleged clients are, or potentially are, large consumers in the triage forensic market. Claiming an existing relationship with these clients makes Defendants LTU more attractive to other clients and thereby creates an unfair marketing advantage.**

Denied.

**55.    LTU Defendants know this and therefore repeatedly attempt to highlight the alleged relationships. Thus, LTU released a press release quoting Special Agent Jim Christy, Institute Director for the Defense Cyber Crime Center.**

LTU France admits that LTU released a press release quoting Special Agent Jim Christy, Institute Director for the Defense Cyber Crime Center.  LTU France denies the remaining allegations in Paragraph 55.

**56.    Although LTU Defendant [sic] were asked by the Defense Cyber Crime Center to remove the press release because federal agents are not allowed to publicly endorse vendors, Defendant's continue to publish the quote through its public relations firm. See (http://www.lewispr. com/us/wire/index/2104/).**

LTU France admits that, after the Defense Cyber Crime Center approved the press release, the Defense Cyber Crime Center asked LTU to remove the press release, and that the press release has been removed from the URL http://www.lewispr.com/us/wire/index/2104/. LTU France is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies the same.

57.    **LTU Defendants make multiple references on the Infringing Website and in its press releases that its software is used by the FBI's Innocent Images National Initiative, and other programs, and has been deployed to desktops at the FBI. See, for example, Exhibit D.**

LTU France admits that Exhibit D contains a reference to the FBI's selection of LTU's "IMAGE-SEEKER"™ software.  LTU France denies the remaining allegations in Paragraph 57.

58.    **Jastec Defendants make multiple references on their web site to the FBI's use of its and the LTU Defendant's software.  See, for example, Exhibit E.**

On information and belief, LTU France admits Exhibit E is a web page from what appears to be JASTEC's web site at the URL http://www.jastec.co.jp.  LTU France is without knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 and therefore denies the same.

59.    **None of these references are true, and the statements by the LTU Defendants and the Jastec Defendants that the FBI currently deploys its products are false.**

Denied.

60.    **Upon information and belief, LTU Defendants' list of "key clients" contain other corporations that are not LTU Defendants' clients.**

Denied.

61.    **LTU Defendants also misrepresent the scope of their product**.

Denied.

62.    **LTU Defendants claimed that its technology is protected "worldwide" by patents.  See, for example, Exhibit F.**

LTU France admits only that the press release in Exhibit F of the Complaint contains the statement that "...LTU's technology is patented worldwide."  The current version of the press release no longer contains this statement.  LTU France denies the remaining allegations in paragraph 62.

**63.    LTU Defendants have no patents in the United States.**

Admitted.

**64.    Upon information and belief the LTU Defendants have no patents in the majority of the world.**

Denied.

**65.    Consumers are likely to select products with strong intellectual property protection, and with a broad geographic scope of protection.**

LTU France is without knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 65 and therefore denies the same.

**66.    ADF Solutions is competitively disadvantaged by LTU Defendants' false misrepresentations.**

Denied.

**67.    LTU Defendants statements and misrepresentations are endorsed, repeated and republished by Jastec Defendants.**

Denied.

## COUNT I
## <u>COPYRIGHT INFRINGEMENT</u>

**68.    ADF Solutions repeats and incorporates by reference the allegations set forth in Paragraphs 1- 67.**

LTU France repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1-67.

**69.    ADF Solutions is the owner of all the rights, title and interest in the materials produced and published on ADF's Website, including the product and marketing text.**

LTU France is without information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies the same.

**70.    ADF Solutions has complied in all respects with the Copyright Act and all of the laws of the United States governing copyright law.**

LTU France is without information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies the same.

**71.    The language appearing on the ADF Solutions website is protected by its Copyright Registration.**

LTU France is without information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies the same.

**72.    The Infringing Website infringes the Registered Copyright of ADF Solutions.**

Denied.

**73.     ADF Solutions' rights include all rights under U.S. copyright law, including statutory damages for violation of Plaintiff's rights.**

LTU France is without information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies the same.

**74.     LTU Defendants have directly infringed Plaintiff's copyrighted materials appearing on ADF's Website, in violation of 17 U.S.C. § 501, *et. Seq.***

Denied.

**75.     LTU Defendants' infringement of ADF Solutions' copyright was willful, intentional and in total disregard of ADF Solutions' rights to exclusively reproduce, profit, and utilize for the purposes of trade and promotion from the publication of the copyrighted elements.**

Denied.

**76.     LTU Defendants have benefited in their trade through the unauthorized use of ADF Solutions' copyright and thereby unlawfully diverted to itself ADF Solutions' business profits.**

Denied.

**77.     ADF Solutions is entitled to statutory damages and all other damages that are just and reasonable.**

Denied.

**COUNT II**

**UNFAIR COMPETITION**

**(Lanham Act)**

**78.    ADF Solutions repeats and incorporates by reference the allegations set forth in Paragraphs 1- 77.**

LTU France repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1-77.

**79.    LTU Defendants have improperly used the PTO's Statutory Notice of registration for a mark that has not been registered.**

Denied.

**80.     Misuse of the Statutory Notice is *prima facie* fraud on the public and constitutes unfair competition with ADF Solutions. Misuse of the Statutory Notice constitutes false and misleading statements.**

Denied.

**81.    The misuse of the Statutory Notice is an actual false and misleading depiction.**

Denied.

**82.    The use of the Statutory Notice in conjunction with trade names has been demonstrated to favorably impact purchasing decisions, as consumers prefer products with strong name identification, and the Statutory Notice demonstrates federal registration of a source identifier.**

LTU France is without information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore denies the same.

**83.    The advertised products travel in interstate commerce.**

LTU France is without information and knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 and therefore denies the same.

**84.    There is a likelihood of injury to ADF Solutions through loss of goodwill, enhanced goodwill of its competitors LTU Defendants and Jastec Defendants through false designation, and diversion of sales, and in other manners negatively impacting the sales of ADF Solutions.**

Denied.

**85.    Upon information and belief, LTU Defendants have benefited in their trade through the misuse of the Statutory Notice and thereby unlawfully diverted to itself Plaintiff's business contacts**.

Denied.

**COUNT III**

**UNFAIR COMPETITION**

**(Lanham Act)**

**86.    ADF Solutions repeats and incorporates by reference the allegations set forth in Paragraphs 1- 85.**

LTU France repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1-85.

**87.    The LTU Defendants and Jastec Defendants have misrepresented their business relationships with key clients in the forensic software marketplace.**

Denied.

**88.    The LTU Defendants and Jastec Defendants have misrepresented the scope of their products' patent protection.**

Denied.

**89.    The LTU Defendants and Jastec Defendants have misrepresented the scope of services that they provide to the public.**

Denied.

**90.    Making false or misleading statements in connection with the sale of goods is a violation of the 15 U.S.C. § 1125(a).**

LTU France states that paragraph 90 alleges conclusions of law that LTU France is not required to admit or deny.  To the extent an admittance or denial is required, LTU France denies the allegations in paragraph 90.

**91.    Defendants' statements are false and misleading statements that pertain to their products.**

Denied.

**92.    The statements are deceptive and have the tendency to deceive a substantial portion of consumers in the forensic software market.**

Denied.

**93.    The false and misleading statements are likely to influence forensic software consumers' purchasing decisions as consumers prefer products that have been purchased by a number of other key customers.**

Denied.

**94.    The advertised products travel in interstate commerce.**

LTU France is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 94 and therefore denies the same.

**95.     There is a likelihood of injury to ADF Solutions through loss of goodwill, enhanced goodwill of its competitors LTU Defendants and Jastec Defendants through false designation, and diversion of sales, and in other manners negatively impacting the sales of ADF Solutions.**

Denied.

**96.     Upon information and belief, LTU Defendants have benefited in their trade through the misuse of the Statutory Notice and thereby unlawfully diverted to itself Plaintiff's business contacts.**

Denied.

**97.     As such, it is likely that some sales which might otherwise have gone to ADF Solutions will be diverted to Defendants.**

Denied.

**COUNT IV**

**<u>UNFAIR COMPETITION</u>**

**<u>(District of Columbia Law)</u>**

**98.     ADF Solutions repeats and incorporates by reference the allegations set forth in Paragraphs 1- 97.**

LTU France repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1-97.

**99.     Defendants have improperly used the PTO's Statutory Notice of registration for a mark that has not been registered.**

Denied.

23

100.    Defendants have misrepresented their business relationships with key clients in the forensic software marketplace.

Denied.

101.    The LTU Defendants and Jastec Defendants have misrepresented the scope of their products' patent protection.

Denied.

102.    The LTU Defendants and Jastec Defendants have misrepresented the scope of services that they provide to the public.

Denied.

103.    Defendant have wrongfully used statements from federal officers to imply that their products are endorsed by federal agencies in a manner that ADF Solutions cannot because it is against federal law and policy.

Denied.

104.    Defendants' statements set forth herein are false and misleading statements that pertain to their products.

Denied.

105.    The statements are deceptive and have the tendency to deceive a substantial portion of consumers in the forensic software market.

Denied.

106.    The false and misleading statements are likely to influence forensic software consumers' purchasing decisions.

Denied.

107.    The use of the Statutory Notice in conjunction with trade names, identification of clients and representations of patent protection have been demonstrated to

favorably impact purchasing decisions, as consumers prefer products with strong name identification, strong consumer sales and intellectual property protection.

LTU France is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies the same.

**108.    The advertised products travel in interstate commerce.**

LTU France is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 108 and therefore denies the same

**109.    There is a likelihood of injury to ADF Solutions through loss of goodwill, enhanced goodwill of its competitors LTU Defendants and Jastec Defendants through false designation, and diversion of sales, and in other manners negatively impacting the sales of ADF Solutions.**

Denied.

**110.    Upon information and belief, LTU Defendants have benefited in their trade through the misuse of the Statutory Notice, false identification of intellectual property protection and false identification of key clients and thereby unlawfully diverted to itself Plaintiff's business contacts.**

Denied.

**111.    As such, it is likely that some sales which might otherwise have gone to ADF Solutions has been and will be diverted to Defendants.**

Denied.

## **DEFENSES**

1.    On information and belief, Plaintiff is not the owner of a valid copyright in the asserted website materials.

2.    The Complaint fails to state a claim upon which relief can be granted.

3.     Plaintiff's copyright claims are barred under 17 U.S.C. § 107 by the doctrine of fair use.

4.     To the extent Plaintiff has any valid copyright in text appearing on its website, such copyright does not extend to individual words and phrases, which represent non-protectable elements.

5.     Plaintiff's claims are barred by the doctrine of unclean hands.

6.     Plaintiff's claims are barred by the doctrines of laches and estoppel.

## PRAYER FOR RELIEF

LTU France asks this Court for judgment as follows:

A.      That the Plaintiff take nothing by the Complaint.

B.      That LTU France be awarded its costs and attorneys fees pursuant to the Lanham Act and Copyright Act.

C.      For other relief as this Court determines to be just and equitable.

Respectfully submitted,

LTU TECHNOLOGIES, S.A.S.


/s/ Bradley C. Wright

Bradley C. Wright (DC Bar #447981)
Robert F. Altherr, Jr. (DC Bar #441091)
Helen Hill Minsker (DC Bar #414000)

BANNER & WITCOFF, LTD.
1100 13th Street NW, Suite 1200
Washington, DC 20005
(202) 824-3000 (telephone)
(202) 824-3001 (facsimile)


Joseph E. Schuler (DC Bar #296269)

JACKSON LEWIS LLP
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189 (telephone)
(703) 821-2267 (facsimile)