## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ADVANCED DIGITAL FORENSIC** | ) | |
| **SOLUTIONS, INC.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 1:07-cv-00683 CKK** |
| | ) | |
| **LTU TECHNOLOGIES, INC.,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **LTU TECHNOLOGIES, S.A.,** | ) | |
| **132 rue de Rivoli** | ) | |
| **75001 Paris** | ) | |
| **France** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JASTEC International, Inc.** | ) | |
| **1180 Avenue of the Americas, 14th Floor** | ) | |
| **New York, NY 10036** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JASTEC Co., Ltd.** | ) | |
| **3-5-23, Takanawa** | ) | |
| **Minato-ku** | ) | |
| **Tokyo 108-0074** | ) | |
| **Japan** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS JASTEC CO. LTD.'S AND JASTEC INTERNATIONAL, INC.'S MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(2) AND (5) TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND QUASH SUMMONS

Defendants named herein, JASTEC CO., Ltd. and JASTEC International, Inc., by and through their attorneys JACKSON LEWIS LLP, respectfully move this Court pursuant to Federal Rules of Civil Procedure 12(b)(2) and (5) to (1) Quash the summons to JASTEC

TOKYO served on Mr. Nakitani, and (2) Dismiss Plaintiff's Complaint against each defendant in its entirety with prejudice, and grant such further relief as this Court deems just and proper.   For further grounds and support for the instant motion, please see the attached Memorandum of Law in support of Defendants' Motion and the supporting Declarations of Shigeru Kamiyama and Noboru Nakatani.

August 14, 2007

Respectfully submitted,

/s/ Joseph E. Schuler
Joseph E. Schuler (DC Bar #296269)
JACKSON LEWIS LLP
8614 Westwood Center Drive
Suite 950
Vienna, VA 22182
(703) 821-2189 (telephone)
(703) 821-2267 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ADVANCED DIGITAL FORENSIC      )
SOLUTIONS, INC.,               )
                               )
        Plaintiff,             )
                               )
        v.                     )          Civil Action No.: 1:07-cv-00683 CKK
                               )
LTU TECHNOLOGIES, INC., *et al.*, )
                               )
        Defendants.            )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS JASTEC CO. LTD.'S AND JASTEC INTERNATIONAL, INC.'S MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(2) AND (5) TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND QUASH SUMMONS

Joseph E. Schuler (DC Bar #296269)

JACKSON LEWIS LLP
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189

ATTORNEYS FOR DEFENDANT
LTU TECHNOLOGIES, INC. *ET. AL.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 2

THE DEFENDANTS ............................................................................... 2

    I.   LTU TECHNOLOGIES AND LTU S.A.S. ...................................... 3

    II.  JASTEC INTERNATIONAL ........................................................ 3

    III. JASTEC TOKYO ......................................................................... 4

    IV. THE LTU WEBSITE ................................................................... 5

LEGAL ARGUMENT ............................................................................. 6

    I.   FED. R. CIV. P. 12(b)(2) STANDARD OF REVIEW ..................... 6

    II.  LONG-ARM JURISDICTION: TRANSACTING BUSINESS IN THE DISTRICT OF COLUMBIA ....................................................... 6

        A.   JASTEC TOKYO's Lack of Contact with the Forum ................... 7

        B.   JASTEC International's Lack of Contacts with the Forum ........... 8

    III. LONG-ARM JURISDICTION BASED ON ACTIVITES OF A CORPORATE AFFILIATE ........................................................ 8

        A.   Exceptions to "Transacting Business" ....................................... 8

            1.   The Alter Ego Test ........................................................ 9

            2.   The Agency Test ........................................................ 11

            3.   The Instrumentality Test ............................................. 12

            4.   The Integrated Enterprise Test ..................................... 13

    IV. THE LTU TECHNOLOGIES WEBSITE DOES NOT SUFFICIENT CONTACTS TO SUBJECT JASTEC TOKYO OR JASTEC INTERNATIONAL TO THE COURT'S JURISDICTION. ........................ 14

    V.  IMPROPER SERVICE UPON JASTEC TOKYO DEFEATS JURISDICTION ............ 16

CONCLUSION ...................................................................................... 17

# TABLE OF AUTHORITIES

## FEDERAL CASES

\* Atlantigas Corp. v. Nisource, Inc.,
290 F. Supp. 2d 34 (D.D.C. 2003) .................................................................6, 9, 13, 16

Consolidated Radio Artists, Inc. v. Washington Section, National Counsel of Jewish
Juniors, 70 App. D.C. 262, 104 F.2d 785, 1939 U.S. App. LEXIS 3408 (June 12, 1939) ............17

\* El- Fadl v. Central Bank of Jordan,
316 U.S. App. D.C. 86, 75 F.3d 668 (D.C. Cir. 1996) ....................................................8

Gorman v. Ameritrade Holding Corp.,
352 U.S. App. D.C. 229, 293 F.3d 506, 202 U.S. App. LEXIS 11674 (June 14, 2002) ........14, 15

\* Material Supply International, Inc. v. Sunmatch Indust. Co.,
62 F. Supp. 2d 13, 1999 U.S. Dist. LEXIS 13481 (D.D.C. June 29, 1999)...............................9, 10

Miller v. Holzmann,
2007 U.S. Dist. LEXIS 15599 (D.D.C. 2007) ..............................................................16

Neumann v. Vidal, Civ. 81-0459,
1981 U.S. Dist. LEXIS 17688, 1982-2 Trade Cas. (CCH) P64 (D.D.C., July 2, 1981)...............17

Ramamurti v. Rolls-Royce, Ltd.,
454 F. Supp. 407 (D.D.C. 1978), aff'd, 198 U.S. App. D.C. 92, 612 F.2d 587 (D.C. Cir.
1980) ...............................................................................................................11

\* Richard v. Bell Atlantic Corp.,
946 F. Supp. 54 (D.D.C. 1966)........................................................................12, 13, 14

## FEDERAL STATUTES

Fed. R. Civ. P. 12(b)(2)...............................................................................................6

Fed. R. Civ. P. 12(b)(5)...............................................................................................6

## STATE STATUTES

D.C. Code § 13-334 ...................................................................................................16

D.C. Code §13-423(a)(1) ..............................................................................................7

D.C. Code §13-431 ...................................................................................................17

## PRELIMINARY STATEMENT

Plaintiff commenced the instant action by filing a Summons and Complaint in the United States District Court for the District of Columbia on April 16, 2007. On July 10, 2007, a process server left copies of the Summons and Complaint with Noboru Nakatani at the office of Defendant JASTEC International, Inc. (hereinafter referred to as "JASTEC International") in New York City. Mr. Nakatani is not authorized to accept service for JASTEC Co., Ltd. (hereinafter referred to as "JASTEC TOKYO"), a Japanese company with its offices in Tokyo.

Plaintiff's complaint alleges causes of action against Defendant JASTEC TOKYO and JASTEC International for Intentional Misrepresentation of Commercial Activities. All activities complained of are alleged to have taken place on the website of co-defendant LTU Technologies, alleging the JASTEC Defendant corporations fraudulently misstated the status of LTU S.A.S. patents and advertised the FBI as a client of the companies. By the instant motion, JASTEC TOKYO and JASTEC International appear for the limited purpose of contesting the jurisdiction of this Court over their persons. JASTEC TOKYO additionally moves under Fed. R. Civ. P. 12(b)(5) and contests sufficiency of service of process upon it.

## THE DEFENDANTS

Plaintiff and the LTU Defendants are involved in the business of developing and selling software for use in forensic analysis. See Complaint ¶¶ 9, 14 and 17.[1] JASTEC TOKYO specializes in custom software development and systems integration, offering a wide range of software products and leading-edge software development expertise to a variety of industries

---

[1] Defendants deny the Complaint's allegations as to which company was first-to-market with forensic software for law enforcement, but agrees that both LTU and ADF market such software products.

located in Japan.  See Complaint ¶5.  JASTEC International, in contrast to its parent company, develops prepackaged software.  Neither JASTEC Defendant is alleged to, nor do they, develop software for use in forensic analysis.

## I.    LTU TECHNOLOGIES AND LTU S.A.S.

Defendant LTU Technologies, Inc. ("LTU Technologies") is incorporated under Delaware law, doing business in the District of Columbia, and does not dispute personal jurisdiction.  It was served shortly after the lawsuit was filed and has answered.  LTU Technologies is a wholly owned subsidiary of Defendant LTU Technologies S.A.S. ("LTU S.A.S."), a corporation organized under the laws of France, located in Paris.  LTU S.A.S. also does not contest the jurisdiction of this Court.

## II.    JASTEC INTERNATIONAL

The following information is reflected in the Declaration of Noboru Nakatani, President of JASTEC International, attached hereto as Exhibit A.  JASTEC International is incorporated in Delaware with its principal place of business in New York City.  (Exh. A, ¶¶4-5) JASTEC International owns LTU S.A.S. which, in turn, owns LTU Technologies. (Exh. A, ¶¶14-15) JASTEC International does not do business, is not registered to do business and has no registered agent in the District of Columbia. (Exh. A., ¶¶6-7)  JASTEC International does not possess any real property in the District of Columbia. (Exh. A, ¶8)  JASTEC International does not pay taxes or have employees in the District of Columbia and does not advertise in the District of Columbia. (Exh.A, ¶¶9-11) JASTEC International has never submitted bids or proposals to any entity within the District of Columbia. (Exh. A, ¶12) JASTEC International has never sold any products to residents of the District of Columbia.  (Exh. A, ¶13)

JASTEC International and both LTU entities have separate employees, separate bank accounts, file taxes separately, and have separate facilities. (Exh. A, ¶16) LTU Technologies, Inc. and LTU S.A.S. operate a website on the internet. (Exh. A, ¶17) JASTEC International had no role of any kind to create the LTU website, and it does not play any role to maintain the website. (Exh. A, ¶¶18-19) JASTEC International does not derive any revenue from the LTU website and cannot receive orders from the LTU website. (Exh. A, ¶20)

JASTEC International has no direct authority over the operations or business strategy of LTU Technologies (Exh. A, ¶21) However, JASTEC International has a one year consulting contract with LTU S.A.S. for which JASTEC International is paid $20,000.00 per month by LTU S.A.S. (Exh. A, ¶22) The contract has a term running from October 2006 to October 2007 and is subject to earlier termination by either party at any time by providing 1 month's written notice. (Exh. A, ¶22) LTU S.A.S. is free to accept or reject the recommendations of JASTEC International, which are merely advisory. (Exh. A, ¶22) The terms and conditions of the contract between JASTEC International and LTU S.A.S. are governed by the laws of the State of New York. (Exh. A, ¶22) The contractual work performed by JASTEC International for LTU S.A.S. is performed almost exclusively in New York. (Exh. A, ¶23) JASTEC International's consulting contract with LTU S.A.S. is at arms-length, consistent with their distinct corporate status. (Exh. A, ¶24)

## III.    JASTEC TOKYO

The following information is reflected in the Declaration of Shigeru Kamiyama, Chairman, President and CEO of JASTEC TOKYO, attached hereto as Exhibit B.  JASTEC TOKYO is incorporated in Tokyo, Japan and has its principal place of business there. (Exh. B, ¶4)  It is not registered to do business in the District of Columbia. (Exh. B, ¶¶5-6) JASTEC

4

TOKYO does not own property in the District of Columbia, does not pay taxes in the District of Columbia, has no employees in the District of Columbia, does not contract to supply services in the District of Columbia, transacts no business in the District of Columbia, does not advertise in the District of Columbia, and does not target its website or promotional material in the District of Columbia. (Exh. B, ¶¶9-15)  JASTEC TOKYO's marketing efforts are restricted to the Japanese market. (Exh. B, ¶15)  JASTEC TOKYO has not submitted bids or proposals in the District of Columbia, does not make its products or services available for purchase online by residents of the District of Columbia, does not derive revenue from goods used or consumed in the District of Columbia and has no officers or agents with contacts in the District of Columbia. (Exh. B, ¶¶ 6, 17-18, 20)

JASTEC TOKYO does not share employees with either LTU corporate Defendant, does not share resources or a physical plant with either LTU corporate Defendant, and has no contracts with either LTU corporate Defendant, except a single loan agreement entered into on market terms at arms-length with LTU S.A.S. (Exh. B, ¶¶22-24; Exh. A, ¶22) JASTEC TOKYO has not engaged in <u>any</u> inter-corporate dealings with LTU Technologies, Inc.  (Exh. B. ¶25) JASTEC TOKYO receives no revenue from either LTU corporate defendant. (Exh. B, ¶24) JASTEC TOKYO did not contribute to the design of the LTU Technologies website that is the principal target of Plaintiff's Complaint, and it does not  play any role in the maintenance of the website, including selection of its content. (Exh. B, ¶19)  Noboro Nakatani is not an officer or director of JASTEC TOKYO and is not authorized to accept service on its behalf. (Exh. B, ¶6)

## IV.    THE LTU WEBSITE

The  LTU  Technologies  website,  which  is  located  on  the  internet  at http://www.ltutech.com/en/, is designed and maintained by the LTU corporate Defendants.  It is

not interactive and individuals who visit the website cannot purchase goods or services from it directly, but must first make contact with the company regarding the company's products and services. Therefore, LTU Technologies cannot, and does not, enter into contracts for the sale or purchase of its services or products via its website in or outside the District of Columbia. JASTEC TOKYO makes no sales of its products or services via the LTU Technologies website.

## **LEGAL ARGUMENT**

### I.     **RULE 12(b)(2) STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendants JASTEC TOKYO and JASTEC International move for dismissal of the Complaint against them on the grounds of lack of jurisdiction over the person.[2]  Plaintiff bears the burden of establishing jurisdiction over each defendant.  Atlantigas Corp. v. Nisource, Inc., 290 F.Supp. 2d 34 (D.D.C. 2003) in which the court dismissed Sherman Act, Clayton Antitrust Act and Racketeer Influenced and Corrupt Organization Act claims against multiple foreign corporations for lack of jurisdiction resulting from a paucity of minimum contacts with the forum.  Additionally, Plaintiff cannot rely on conclusory allegations and cannot aggregate factual allegations concerning multiple defendants to demonstrate personal jurisdiction over individual defendants.  Finally, the Court need not treat all Plaintiff's allegations as true.  Id. at 42-43.

### II.    **LONG-ARM JURISDICTION: TRANSACTING BUSINESS IN THE DISTRICT OF COLUMBIA**

Plaintiff seeks to assert long-arm jurisdiction over the moving Defendants.  D.C. Code §13-423(a)(1) states:  "a District of Columbia court may exercise personal jurisdiction over a

---

[2] JASTEC TOKYO also moves for dismissal under Fed. R. Civ. P. 12(b)(5) based on insufficiency of service of process against it, as fully set forth on pp. 16-18 of the instant brief.

person, who acts directly or by an agent, as to a claim for relief arising from the person's transacting any business in the District of Columbia."

A defendant is subject to personal jurisdiction under D.C. Code §13-423(a)(1) under the following circumstances: "The defendant transacted business in DC; The claim arose from business transacted in DC; The defendant had minimum contacts with DC; The Court's exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice." Atlantigas Corp., 290 F.Supp. at 43, citing Dooley v. United Technologies, 786 F. Supp. 65, 71 (D.D.C. 1992). The constitutional touchstone is "whether the defendant purposefully established minimum contacts in the forum state" Id. at 43, citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 108-09, 107 S.Ct. 1026, 94 L.Ed. 2d 92 (1987). The claim itself must have arisen from the business transacted in the District of Columbia or there is no jurisdiction. Id. at 44, citing Novak-Canzeri v. Al Saud, 864 F.Supp. 203, 206 (D.D.C. Sept. 30, 1994). Plaintiff must allege specific facts evidencing purposeful activity by the Defendant in the District of Columbia. Id., at 44, citing First Chicago Int'l. v. United Exch. Co., Ltd., 836 F.2d 1375, 1378 (D.C.Cir. 1988). In the instant matter, Plaintiff relies solely on conclusory allegations (see Complaint ¶ 7) and cannot show facts to satisfy any of the criteria set forth above to allow this Court to assert jurisdiction over either JASTEC Defendant.

### A.    JASTEC TOKYO's Lack of Contact with the Forum

As set forth in Exhibit B referenced above, JASTEC TOKYO transacts no business in the District of Columbia. JASTEC TOKYO is incorporated in Tokyo, Japan, has no employees and owns no property in the District Columbia, does not have an office in the District of Columbia and does not advertise or make any sales in the District of Columbia, but confines its marketing efforts to Japan. Furthermore, JASTEC TOKYO has no agent for the service of process in the United States. Plaintiff's attempted service upon JASTEC TOKYO by leaving a Summons and

Complaint with Noboru Nakatani, President of JASTEC International, in its office in New York City, does not confer the jurisdiction of this Court over JASTEC TOKYO, as discussed more fully addressed below.

**B.    JASTEC International's Lack of Contacts with the Forum**

As set forth above, JASTEC International does not do business, is not registered to do business and has no registered agent in the District of Columbia. JASTEC International does not possess any real property in the District of Columbia. JASTEC International does not pay taxes, does not have employees and does not advertise in the District of Columbia. JASTEC International has never submitted bids or proposals to any entity within the District of Columbia. JASTEC International has never sold any products to residents of the District of Columbia.

**III.    LONG-ARM JURISDICTION BASED ON ACTIVITES OF A CORPORATE AFFILIATE**

As set forth above, because JASTEC TOKYO and JASTEC International are not located in the District of Columbia and do not transact business in the District of Columbia, Plaintiff must assert one of the exceptions to "Transacting Business" Long Arm Jurisdiction to obtain jurisdiction over the JASTEC Defendants. Based on the facts of this case, it cannot do so.

**A.    Exceptions to "Transacting Business"**

If the party contesting jurisdiction is found to be nothing more than an alter ego of an affiliated corporation over which the court does have jurisdiction, then the affiliated corporation's jurisdictional contacts may be extended to reach the other corporate entity. El-Fadl v. Central Bank of Jordan, 316 U.S. App. D.C. 86, 75 F.3d 668, 676 (D.C. Cir. 1996). The question of law is whether the parent corporation so dominated the [subsidiary] corporation as to negate its separate personality, making the exercise of jurisdiction over the absent parent fair and equitable. Atlantigas Corp., 290 F.Supp. at 48.

8

In <u>Material Supply Int'l., Inc. v. Sunmatch Indust. Co.</u>, 62 F. Supp. 2d 13, 1999 U.S. Dist. LEXIS 13481 (D.D.C. June 29, 1999), the court set forth four tests to determine whether a parent corporation may be subjected to personal jurisdiction as an alter ego or otherwise, based upon the acts of its subsidiary in the forum:

(1)     The "Alter Ego Test" which permits the court to pierce the corporate veil when necessary to prevent fraud, illegality or injustice;

(2)     The "Agency Test" which asks whether the parent exercised a significant degree of control over the subsidiary's decision-making;

(3)     The "Instrumentality Test" which asks whether the parent exercised extensive control over the wrongful acts of the subsidiary; and

(4)     The "Integrated Enterprise Test" which considers the interrelation of operations, centralized control of labor relations, common management and ownership or financial control.

In the instant matter, applying any of the tests to JASTEC TOKYO or JASTEC International fails to confer jurisdiction of the Court over these foreign corporations.

### 1.     The Alter Ego Test

To determine whether the subsidiary is an alter ego of the parent company, the court may consider (1) the nature of the corporate ownership and control; (2) failure to maintain corporate minutes or records; (3) failure to maintain corporate formalities; commingling of funds and assets; (4) diversion of one corporation's funds to the other's use (whether the subsidiary is adequately capitalized); (5) and use of the same office or business location. <u>Id.</u> at 15.

In the instant case, JASTEC TOKYO is separately owned and operated apart from either LTU entity.   It maintains its own corporate minutes and records; it maintains corporate formalities, including having separate boards of directors and separate bank accounts, separate

tax returns, separate payrolls, separate employees, separate clients, and separate billing procedures. JASTEC TOKYO's only facility is located in Tokyo, Japan and is distinct and separate from all other named Defendants. JASTEC TOKYO does not direct any of the other corporate Defendants' business in any respect. JASTEC TOKYO does not commingle funds with either LTU entity and when JASTEC TOKYO made a loan to LTU S.A.S., it did so under the terms of a written contract setting forth repayment terms and interest rates set at Japanese market rates. Based on the foregoing facts, JASTEC TOKYO cannot be said to be an alter ego of any of the named corporate defendants and the jurisdiction of the Court cannot attach to JASTEC TOKYO on that basis.

JASTEC International is similarly not subject to the jurisdiction of this Court based upon the Alter Ego test. While JASTEC International owns LTU S.A.S. outright, the LTU entities existed as ongoing business operations before JASTEC International acquired LTU S.A.S. (see Complaint at ¶ 16) and JASTEC International does not control the daily operations of either LTU entity, nor does it commingle funds with either LTU entity. The consulting agreement between JASTEC International and LTU S.A.S. is governed by the terms of a written contract and calls for payment *by LTU S.A.S. to JASTEC International* and the recommendations and suggestions made under the agreement are merely advisory. Such an arrangement is directly contrary to a subsidiary that commingles funds with and relies on the financial largesse of the parent company. All of JASTEC International's corporate records are maintained separately from those of either LTU entity and all corporate formalities are maintained in any interaction between JASTEC International and any LTU entity. Finally, as set forth herein above, JASTEC International maintains its offices separate and apart from either LTU Defendant.

### 2.    The Agency Test

Plaintiff may attempt to show that the LTU Defendants are agents of JASTEC International and JASTEC TOKYO by showing it existed as an "alternative means of transacting business by the parent corporation." Id., citing Ramamurti v. Rolls-Royce, Ltd., 454 F.Supp. 407, 408-411 (D.D.C. 1978), aff'd, 198 U.S. App. D.C. 92, 612 F.2d 587 (D.C. Cir. 1980), in which the subsidiary operating in the forum did nothing but provide marketing information for the sale of Rolls-Royce aircraft engines. However, agency is not established just by showing that parent and subsidiary work in the same business and have worked together in the past. Id. at 16 citing El-Fadl v. Central Bank of Jordan, 316 U.S. App. D.C. 86, 75 F.3d 668 (D.C. Cir. 1996).

Under this analysis, the LTU Defendants must be shown to be no more than a conduit for JASTEC TOKYO and JASTEC International to do business. There is no evidence, other than the fact of corporate ownership of the various entities, that any of the named defendants are agents of JASTEC TOKYO or JASTEC International for the purpose of this jurisdictional argument. JASTEC TOKYO does not sell its products in the United States where LTU Technologies markets its services. JASTEC TOKYO does not sell to the clients of any of the named Defendants. JASTEC TOKYO does not derive revenue from any of the other named Defendants. Finally, JASTEC TOKYO does not advertise through any of the other named Defendants. There are no facts upon which Plaintiff can prove that JASTEC TOKYO uses any of the other named Defendants to conduct business in the instant forum.

Plaintiff can likewise point to no facts that would lead to the conclusion that JASTEC International exists as an alternative means to transact business in the forum. JASTEC International does not do business in the District of Columbia. JASTEC International and both LTU entities have separate employees, separate bank accounts, file taxes separately, and have

separate facilities. LTU Technologies, Inc. and LTU S.A.S. operate a website on the internet. JASTEC International had no role of any kind to create the LTU website nor does it play any role to maintain the website. JASTEC International does not derive any revenue from the LTU website and cannot receive orders from the LTU website.

JASTEC International has no direct authority over the operations or business strategy of LTU Technologies. Furthermore, JASTEC International observes all corporate formalities in its relationship with both LTU corporate entities consistent with their distinct corporate status in all respects. Therefore, based on the foregoing facts, JASTEC International cannot be subject to the Court's jurisdiction as an agent of either LTU Defendant.

### 3.    The Instrumentality Test

The "Instrumentality Test" requires that JASTEC TOKYO exercise extensive control over the acts of the subsidiary giving rise to the claim of wrongdoing. In Richard v. Bell Atlantic Corp., 946 F. Supp. 54 (D.D.C. 1966), an employment discrimination case brought by forty eight former employees who alleged to have worked for *all* of the Bell Atlantic subsidiaries, the court held the plaintiffs came forward with sufficient evidence (shared employee personnel policies, pension and severance plans, etc.) to justify jurisdiction over the parent company.

In the instant case, neither JASTEC Defendant exerts control over the acts of the subsidiary alleged to have given rise to the instant allegations. The LTU entities existed in the same line of business before they became affiliated with the JASTEC Defendants. The JASTEC Defendants had no part in the creation or maintenance of the LTU Technologies website Plaintiff cites as the offending corporate instrument. Neither JASTEC Defendant advertises on the website or uses it to obtain business in any way. JASTEC TOKYO operates its own website and gears all of its marketing efforts to the Japanese market, making no mention of the subsidiaries aside from links to two press releases about LTU S.A.S. (see Complaint Exhibits E and F). The

JASTEC Defendants do not control any of the named Defendants' acts as alleged in Plaintiff's Complaint. Significantly, at no time does Plaintiff distinguish which acts it attributes to the JASTEC Defendants separate and apart from any alleged actions by the other corporate Defendants. As stated above, the acts of the Defendants cannot be pled in the aggregate, but must be parsed out and attributed to each individual Defendant. Atlantigas Corp., 290 F.Supp. at 42-43 Therefore, based on the foregoing, Plaintiff cannot sustain its burden based upon the "Instrumentality Test" to prove JASTEC TOKYO or JASTEC International should submit to the Court's jurisdiction.

### 4.    The Integrated Enterprise Test

To assess whether there is jurisdiction over the Defendant in question under the "Integrated Enterprise Test," the court considers (a) interrelation of operations; (b) centralized control of labor relations; (c) common management; and (d) common ownership or financial control. Richard, 946 F. Supp. at 63. In the instant case, there is no interrelation of operations between JASTEC TOKYO and any of the other named Defendants.

As reflected in the Declaration of Mr. Kamiyama, Exhibit B, there is no central control of labor relations, no common management or common financial control between JASTEC TOKYO and the other named Defendants. The single element that is satisfied here is common ownership between the JASTEC Corporations, which is not enough for the court to assert its jurisdiction over the acts of JASTEC TOKYO. In fact, "there is low or no probative value to the inquiry if the parent ultimately benefits from the work of the subsidiary or if the supervisors of the subsidiary ultimately report to officers of the parent company or if high level management employees perform functions for both companies." Id. at 62, citing Kelber v. Forest Elec. Corp., 799 F. Supp. 326, 331 (S.D.N.Y. 1992). Here, not even that minimal support exists to assert jurisdiction over JASTEC TOKYO.

Similarly, based upon the Declaration of Mr. Nakatani, Exhibit A, JASTEC International and the LTU Defendants do not share central control of labor relations or finances of the companies. Mr. Nakatani serves as a consultant to LTU S.A.S., but the LTU Defendants are free to accept or reject his recommendations in his capacity as consultant. Additionally, the consultancy arrangement is formalized in a written contract, including the payment of a fee of $20,000.00 per month for JASTEC International's services. As set forth above, the fact of common ownership is inadequate to confer jurisdiction of this Court over JASTEC International.

Based on the foregoing facts and law, Plaintiff cannot prove under any of the exceptions to the "transacting business" provision of the District of Columbia's Long-Arm Statute that this Court should assert its jurisdiction over JASTEC TOKYO or JASTEC International. For this reason, the instant complaint should be dismissed with prejudice as against JASTEC TOKYO and JASTEC International.

IV.   **THE LTU TECHNOLOGIES WEBSITE DOES NOT ESTABLISH SUFFICIENT CONTACTS TO SUBJECT JASTEC TOKYO OR JASTEC INTERNATIONAL TO THE COURT'S JURISDICTION**

Because the gravamen of Plaintiff's Complaint concerns allegations of activity on the internet, we address that issue as it relates to jurisdiction as a separate matter. Defendant acknowledges "courts will not abandon jurisdiction over companies because they do business in cyberspace." Gorman v. Ameritrade Holding Corp., 352 U.S. App. D.C. 229, 293 F.3d 506, 202 U.S. App. LEXIS 11674 (D.C. Cir. 2002) in which the Court held that Ameritrade, a corporation that solicited business on the internet and allowed customers to trade stocks on line and therefore, *entered into contracts with its District of Columbia customers* within the jurisdiction of the District Court would be subject to the jurisdiction of the Court. However, passive websites that do not solicit business, cost nothing to its users to operate and do not result in a

14

business transaction between the consumer and the provider of the website "do not establish the necessary minimum contacts with this forum." Id. at 12, citing GTE New Media Servs. Inc. v. Bell South Corp., 339 U.S. App. D.C. 332, 199 F.3d 1342 (D.C. Cir. 2000).

In instances where a website is essentially passive, where the corporation does not encourage state residents to access the site, and where there is no evidence that any part of the defendant's business was sought or achieved in the forum state or that any state resident other than plaintiff had visited the website, a claim of jurisdiction based on the website should be defeated.

The LTU Technologies website is merely informative. It does not provide access for users to purchase any products nor does it permit users to enter into contracts with any of the named defendants. It is not *targeted* to the District of Columbia market nor does it solicit business there, but is available anywhere in the world. Furthermore, as set forth in Exhibits A and B, JASTEC TOKYO and JASTEC International have no part in the creation, design or maintenance of the website, and do not advertise their own products and operations on the website, nor derive benefit from it.

"Even if it is interactive, the website must be used by a defendant to do business with residents in the forum state in a continuous and systematic way. Mere access by forum residents to a non-resident defendant's website is not enough, by itself to establish minimum contacts with the forum." Atlantigas Corp., 290 F.Supp. at 51-52.

Additionally, the mere allegation that the website is operated by all defendants as a conspiracy is not enough for Plaintiff to meet its burden of proof: a jurisdictional argument "based solely on conclusory statements and allegations that the nonresident defendants were co-conspirators is, without more, plainly insufficient to show that personal jurisdiction exists over a

defendant." Miller v. Holzmann, 2007 U.S. Dist. LEXIS 15599, at *16 (D.D.C. 2007), citing

Hasenfus v. Corporate Air Servs., 700 F. Supp. 58, 62 (D.D.C. 1988).

Based upon the foregoing law and facts, the LTU Technologies website should not serve

to confer the Court's jurisdiction over JASTEC TOKYO and JASTEC International.

## V.    IMPROPER SERVICE UPON JASTEC TOKYO DEFEATS JURISDICTION

D.C. Code § 13-334, Service on foreign corporations, provides as follows:

> In an action against a foreign corporation doing business in the
> District, process may be served on the agent of the corporation or
> person conducting its business, or, when he is absent and can not
> be found, by leaving a copy at the principal place of business in the
> District, or, where there is no such place of business, by leaving a
> copy at the place of business or residence of the agent in the
> District, and that service is effectual to bring the corporation before
> the court.
>
> When a foreign corporation transacts business in the District
> without having a place of business or resident agent therein,
> service upon any officer or agent or employee of the corporation in
> the District is effectual as to actions growing out of contracts
> entered into or to be performed, in whole or in part, in the District
> of Columbia or growing out of any tort committed in the District.

In the case at bar, and as reflected in Exhibit A, Noboru Nakatani, President of JASTEC

International, expressly advised Plaintiff's process server that he is not an officer of JASTEC

TOKYO and is not authorized to accept service for JASTEC TOKYO.  Further, the Declaration

of Mr. Kamiyama submitted herewith confirms that Mr. Nakatani is not authorized to accept

service on behalf of JASTEC TOKYO.   In a nearly identical instance, service of process was

held void and the court was held without personal jurisdiction over the defendant at issue where

the defendant was a foreign corporation, never engaged in business in the District of Columbia,

had no officer or agent in the District upon whom service could be made, and the individual upon

whom service was made was not the defendant's agent.  Consolidated Radio Artists, Inc. v.

Washington Section, Nat'l. Counsel of Jewish Juniors, 70 App. D.C. 262, 104 F.2d 785, 1939

U.S. App. LEXIS 3408 (June 12, 1939) (an action for breach of contract to furnish an orchestra at a dance held in the District of Columbia); see Neumann v. Vidal, Civ. 81-0459, 1981 U.S. Dist. LEXIS 17688, 1982-2 Trade Cas. (CCH) P64, 933 (D.D.C., July 2, 1981) (in which service of process was found to be void upon an individual whose sworn affidavit stated he had no authority to accept service on behalf of the French corporation).

Mr. Nakatani made it very clear he was not authorized to accept service on behalf of JASTEC TOKYO and declined to sign a receipt on behalf of JASTEC TOKYO. Moreover, as the Declaration of JASTEC TOKYO's President and CEO, Mr. Kamiyama, makes manifest, Mr. Nakatani is in fact not authorized to accept service of process on behalf of JASTEC TOYKO. JASTEC TOKYO also has no agents in the District of Columbia, is not registered to do business in the District of Columbia and, in fact, conducts no business in the District of Columbia. Service of process, as Plaintiff attempted it upon JASTEC TOKYO, is improper under D.C. Code §13-431. Plaintiff's improper attempt at service cannot create personal jurisdiction over JASTEC TOKYO.

### CONCLUSION

Based upon the foregoing facts and legal authority, Defendants JASTEC TOKYO and JASTEC International respectfully urge the Court to quash the summons to JASTEC TOKYO served on Mr. Nakitani, dismiss Plaintiff's Complaint against each defendant in its entirety with prejudice, and grant such further relief as this Court deems just and proper.

Dated: August 14, 2007

Respectfully submitted,

/s/ Joseph E. Schuler
Joseph E. Schuler (DC Bar #296269)

17

JACKSON LEWIS LLP
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189 (telephone)
(703) 821-2267 (facsimile)

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ADVANCED DIGITAL FORENSIC    )
SOLUTIONS, INC.,    )
    )
    Plaintiff,    )
    )
v.    )    Civil Action No.: 1:07-cv-00683 CKK
    )
LTU TECHNOLOGIES, INC., *et al.*,    )
    )
    Defendants.    )
    )

## DECLARATION OF NOBORU NAKATANI IN SUPPORT OF DEFENDANT JASTEC INTERNATIONAL INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Noboru Nakatani, makes the following declaration under penalty of perjury, as follows:

1.    I am the President of JASTEC International, Inc. ("JASTEC International"), a named Defendant in the instant action.

2.    I make this affidavit in support of Defendants JASTEC International Inc.'s and JASTEC Co., Ltd.'s ("JASTEC TOKYO") motion to dismiss Plaintiff's Complaint for lack of jurisdiction.

3.    I make this affidavit to oppose the jurisdiction of this Court and, in so doing, do not waive any jurisdictional defense on behalf of any Defendant named herein or consent to the Court's jurisdiction in this matter on behalf of any Defendant named herein.

4.    JASTEC International is a corporation organized under the laws of the State of Delaware.

5.    JASTEC International's principal place of business is located in New York, New York.

6.   JASTEC International does not do business in the District of Columbia.

7.   JASTEC International is not registered to do business in the District of Columbia and has no registered agent in the District of Columbia.

8.   JASTEC International does not posses any real property in the District of Columbia.

9.   JASTEC International does not pay taxes in the District of Columbia.

10.  JASTEC International has no employees in the District of Columbia.

11.  JASTEC International does not advertise in the District of Columbia.

12.  JASTEC International has never submitted bids or proposals to any entity within the District of Columbia.

13.  JASTEC International has never sold any products to residents of the District of Columbia.

14.  JASTEC International owns LTU Technologies S.A.S. ("LTU S.A.S."), incorporated under French law and located in Paris, France.

15.  LTU Technologies, Inc. is a wholly owned subsidiary of LTU S.A.S.

16.  JASTEC International and both LTU entities have separate employees, separate bank accounts, file taxes separately, and have separate facilities.

17.  LTU Technologies, Inc. and LTU S.A.S. operate a website on the internet.

18.  JASTEC International had no role of any kind to create the website and does not play any role in maintaining the website.

19.  JASTEC International has no input into the contents of the website.

20.  JASTEC International does not derive any revenue from the LTU Technologies website and cannot receive orders from the LTU Technologies website.

21.   JASTEC International has no direct authority over the operations or business strategy of LTU Technologies.

22.   JASTEC International has a one year consulting contract with LTU S.A.S. for which JASTEC International is paid $20,000.00 per month by LTU S.A.S. The contract term is from October 2006 to October 2007, but is terminable by either party with 1 month's written notice. JASTEC International's services under this consultancy are merely advisory. LTU S.A.S. considers any recommendations made independently and is free to either accept or reject the consultancy recommendations of JASTEC International.

23.   The terms and conditions of the contract between JASTEC International and LTU S.A.S. are governed by the laws of the State of New York, and the contractual work performed by JASTEC International for LTU S.A.S. is performed in New York.

24.   JASTEC International's consulting contract with LTU S.A.S. is at arms-length and consistent with their distinct corporate status.

25.   I am not an officer or director of JASTEC TOKYO and am not authorized to accept service on its behalf.

26.   On July 10, 2007, a process server appeared at the office of JASTEC International in New York City and left the Summons in a Civil Case in the instant matter for LTU S.A.S, JASTEC International and JASTEC TOKYO. I signed a receipt only for LTU S.A.S. and JASTEC International, but did not sign or accept service on behalf of JASTEC TOKYO. I specifically told the process server I was not

authorized to accept service on behalf of JASTEC TOKYO.  Nonetheless, the process server left the documents and vacated the JASTEC International offices.

Dated: August _14_, 2007

_____
Noboru Nakatani

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ADVANCED DIGITAL FORENSIC            )
   SOLUTIONS, INC.,                            )
                               )
        Plaintiff,                                )
                               )
v.                                              )     Civil Action No.: 1:07-cv-00683 CKK
                               )
LTU TECHNOLOGIES, INC., *et al.*,    )
                               )
        Defendants.                            )
_____)

**DECLARATION OF SHIGERU KAMIYAMA IN SUPPORT OF DEFENDANT**
**JASTEC CO., LTD.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Shigeru Kamiyama makes the following declaration under penalty of perjury, as follows:

1.     I am the Chairman, President and CEO of JASTEC Co., Ltd. ("JASTEC TOKYO"), a named Defendant in the instant action.

2.     I make this declaration in support of Defendant JASTEC TOKYO's motion to dismiss Plaintiff's Complaint for lack of jurisdiction and for insufficiency of service of process.

3.     I make this declaration to oppose the jurisdiction of this Court and, in so doing, do not waive any jurisdictional defense on behalf of any Defendant named herein or consent to the Court's jurisdiction in this matter on behalf of any Defendant named herein.

4.     JASTEC TOKYO is incorporated in Minato-ku, Tokyo, Japan, which is also its principal place of business.

5.     JASTEC TOKYO does not have a registered agent in the District of Columbia.

6.    Mr. Noboru Nakatani is not an officer or director of JASTEC TOYKO and is not authorized to accept service for JASTEC TOKYO.

7.    I understand that Mr. Nakatani advised the process server that he was not authorized to accept service of the Summons and Complaint in this action on behalf of JASTEC TOKYO on July 10, 2007, when the process server improperly attempted service on JASTEC TOKYO by leaving a copy of the Summons and Complaint with Mr. Nakatani.

8.    JASTEC TOKYO does not have an interest in and does not use or possess real property in the District of Columbia.

9.    JASTEC TOKYO does not pay taxes in the District of Columbia.

10.    JASTEC TOKYO does not have any employees in the District of Columbia.

11.    JASTEC TOKYO does not contract to supply services or products in the District of Columbia.

12.    JASTEC TOKYO does not transact any business in the District of Columbia.

13.    JASTEC TOKYO does not advertise in the District of Columbia.

14.    JASTEC TOKYO does not target its website or promotional material in the District of Columbia and solely concentrates its marketing efforts on the Japanese market.

15.    The JASTEC TOKYO website makes no reference to any U.S. corporation.

16.    JASTEC TOKYO has never submitted bids or proposals to District of Columbia residents or business entities.

17.    JASTEC TOKYO does not derive revenue from the District of Columbia.

18.    JASTEC TOKYO neither contributes to the creation of the LTU Technologies, Inc. website, nor does it contribute to the website's maintenance.

19.    District of Columbia residents cannot purchase goods or services online from JASTEC TOKYO.

20.    Tadao Ohta and Yasuo Shibayama, officers and directors of JASTEC TOKYO, visited the District of Columbia in November 2006 for an LTU S.A.S. meeting. Mr. Shibayama has not made any other visits to the District of Columbia at any other time.   Mr. Ohta may have visited the District of Columbia on another occasion for a day sometime before JASTEC International's 2005 acquisition of LTU S.A.S. along with a Japanese software association, but otherwise has not visited the District of Columbia.   I have never been to the District of Columbia or to the United States.

21.    JASTEC TOKYO does not share any employees with either LTU corporation named in the instant action.

22.    JASTEC TOKYO does not share any resources or physical plant with either LTU corporation named in the instant action.

23.    JASTEC TOKYO does not share revenue with either LTU corporation named in the instant litigation.

24.    JASTEC TOKYO files taxes separately and does not pay taxes with any of the other named Defendants.

25.    JASTEC TOKYO has not engaged in any inter-corporate dealings with LTU Technologies, Inc.

3

26.    JASTEC TOKYO's limited inter-corporate dealings with LTU S.A.S. are at arms-
        length consistent with their distinct corporate status.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on August 15, 2007 in Tokyo, Japan.


                                            __/s/Shigeru Kamiyama_____
                                            Shigeru Kamiyama