**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ADVANCED DIGITAL FORENSIC )<br>   SOLUTIONS, INC., )<br>           Plaintiff, )<br> )<br>v.                                                            )<br> )<br>LTU TECHNOLOGIES, Inc., *et al*., )<br> )<br>           Defendants. )<br>_____) | Civil Action No.: 1:07-cv-00683 CKK |

**PROPOSED PLAN AS TO JURISDICTION DISCOVERY**

By Order entered November 6, 2007, the Court directed the parties to submit a joint discovery plan limited to the issue of jurisdiction over the Corporate Defendants, JASTEC Company Ltd. and JASTEC International, Inc., in the District of Columbia, setting forth the precise scope and nature of the proposed discovery;

The parties have been unable to agree on a joint discovery plan;

NOW THEREFORE, Defendants and Plaintiffs hereby submit the following proposed discovery plans for jurisdictional discovery:

NOW THEREFORE, Defendants hereby submit the following proposed discovery plan for jurisdictional discovery:

1. **Defendant's Discovery Production to Plaintiff**

    a. **Document Production**

    Defendants will produce the following documents to Plaintiff by <u>January 4, 2008</u> or 30 days after the entry of the Court's order regarding jurisdictional discovery, whichever is later::

    i. A copy of the consulting agreement between JASTEC International and LTU;

    ii. Copies of loan documents, if any, between JASTEC International and LTU;

    iii. Copies of financial records reflecting payments from JASTEC International to LTU;

    iv. Copies of financial records reflecting payments from LTU to either JASTEC corporation, to the extent such documents exist;

    v. Copies of receipts for payments made to The Ashcroft Group, LLC by any Defendant;

    vi. Human Resources documents, including policies and procedures, shared by either LTU defendant and either of the JASTEC defendants, to the extent such documents exist.

    vii. All licensing agreements between 1) JASTEC Co., Ltd and LTU and/or LTU SAS; and 2) JASTEC International and LTU and/or LTU, SAS, to the extent such documents exist;

  viii. All commercial contracts, agreements, letters of understanding, proposals or similar arrangements by or between JASTEC Co., Ltd. and JASTEC International on the one hand and 1) any governmental agency or non-governmental business for performance in the District of Columbia or 2) an office or division of a U.S. governmental agency located in the District of Columbia;

  ix. All payments, guarantees, incentives, stock options, stock plans, medical insurance or disability plans, reimbursements, benefits or other arrangements by, between or offered by JASTEC Co., Ltd. and/or JASTEC International to LTU or any employee or officer of LTU from February 2005 to present;

  x. All press releases, promotional materials, proposals or agreements directed to a person or entity in the District of Columbia or for activities undertaken in the District of Columbia;

 **b.** **Deposition of Noboru Nakatani**

Defendant will produce <u>Noboru Nakatani, President of JASTEC International, Inc.</u>, in New York, New York for deposition on an agreed date to be set no later than <u>February 1, 2008</u> or 60 days after the entry of the Court's order regarding jurisdictional discovery, whichever is later. Such deposition will be limited to the following topics:

  i. Mr. Nakatani's employment history with JASTEC International;

  ii. The extent of Mr. Nakatani's presence in the District of Columbia for business reasons;

  iii. The relationship between JASTEC International, Inc. and LTU as to:

      a.      Employee relations;

      b.      Financial resources shared by the companies, if any;

      c.      Common business conducted in the United States, District of Columbia, to the extent such activities exist;

      d.      The consulting agreement between JASTEC International and LTU;

      e.      Payments of any kind made by JASTEC International to LTU;

      f.      Loans made by JASTEC International to LTU, if any;

      g.      Mr. Nakatani's knowledge of the interactions between JASTEC International and LTU, including the topic of the company websites.

iv.    The relationship between JASTEC International and JASTEC Co., Ltd. as to:

      a.      Employee relations;

      b.      Financial resources shared by the companies, if any; and

      c.      Common business conducted in the United States, District of Columbia; to the extent such activities exist.

**c.**    **Deposition of an LTU Rule 30(b)(6) Designee on the following topics**

Defendants will produce a designee of the LTU corporate defendants in Washington, DC for deposition on an agreed date to be set no later than February 1, 2008 or 60 days after the entry of the Court's order regarding jurisdictional discovery, whichever is later. Such deposition will be limited to the following topics:

    i.      Shared employee relations between LTU and JASTEC Co. Ltd., if they exist;

    ii.     Shared stock options between LTU and JASTEC Co., Ltd. if they exist;

    iii.    Shared bonus plans between LTU and JASTEC Co., Ltd., if they exist;

    iv.    Shared financial resources between LTU and JASTEC Co., Ltd.; and

    v.     Common business conducted in the District of Columbia by LTU and JASTEC Co., Ltd; and

    vi.    Agreements between LTU and JASTEC Co., Ltd, if any.

**2.**    **Plaintiff's Discovery Production to Defendants**

   **a.**    **Interrogatories to Plaintiff**

Defendant will submit Interrogatories to Plaintiff on the following topics to be responded to by <u>January 4, 2008</u> or 30 days after the entry of the Court's order regarding jurisdictional discovery, whichever is later, with a duty to seasonably supplement in sufficient time for defendants to conduct depositions pursuant to section 2.c:

    i.      Identification and description of all facts Plaintiff relies upon to support its claim that either JASTEC company is the alter ego of LTU;

    ii.     Identification and description of all facts Plaintiff relies upon to support its claim that JASTEC Company is an agent of LTU;

    iii.    Identification and description of all facts to support Plaintiff's claim that either JASTEC company does business in the District of Columbia;

    iv.    Identification of any witness or person of knowledge relative to the issue of jurisdiction;

    v.    Identification of all documents supporting Plaintiff's claims regarding the jurisdiction of either JASTEC company.

    **b.**    **Document Production to Defendant**

Plaintiff will produce documents identified in its responses to Defendant's Interrogatories by <u>January 4, 2008</u> or 30 days after the entry of the Court's order regarding jurisdictional discovery, whichever is later with a duty to seasonably supplement in sufficient time for defendants to conduct depositions pursuant to section 2.c:

    **c.**    **Deposition of Plaintiff's witnesses**

Deposition of any person whose affidavit or statement will be relied upon or who may otherwise be identified in plaintiff's discovery responses as a person of knowledge with respect to the jurisdictional issues and who is not an employee of any of the named Defendants by <u>February 1, 2008</u> or 60 days after the entry of the Court's order regarding jurisdictional discovery, whichever is later.

Dated: November 20, 2007

                                                               Respectfully Submitted

                                                      /s/ Joseph E. Schuler
                                                      Joseph E. Schuler (DC Bar #296269)
                                                      JACKSON LEWIS LLP
                                                      8614 Westwood Center Drive, Suite 950
                                                      Vienna, VA 22182
                                                      (703) 821-2189 (telephone)
                                                      (703) 821-2267 (facsimile)

NOW THEREFORE, Plaintiff hereby submits the following additions and modifications by way of underlining to Defendants' Proposed Plan:

1. **Defendants' Discovery Production to Plaintiff**

    a. **Document Production**

Document production would include production following Defendants' proposed conditions and would include all of the following additions or modifications:

   i. Copies of all consulting agreements or communications between either Jastec International or Jastec Co., Ltd. ("Jastec entity") and LTU, or any current or former officer, director, employee or agent of LTU (collectively "LTU Personnel");

   ii. Copies of all loan or guarantee documents between either Jastec entity and LTU or any LTU Personnel;

   iii. Copies of financial records reflecting any payments, guarantees or other financial arrangements from either Jastec entity to LTU or any LTU Personnel;

   iv. Copies of financial records reflecting any payments, guarantees or other financial arrangements from LTU or LTU Personnel to either Jastec entity;

   v. This topic is the same as Defendants' v.;

   vi. This topic is the same as Defendants vi.;

   vii. All licensing agreements and communications between 1) Jastec Co., Ltd. and LTU and/or LTU, SAS; 2) Jastec International and LTU and/or LTU, SAS; and 3) either Jastec entity and any LTU Personnel;

viii. All commercial contracts, agreements, <u>communications</u>, letters of understanding, proposals or similar arrangements by or between Jastec Co., Ltd. or Jastec International on the one hand and the US Government, any US government agency, any District of Columbia governmental entity, and <u>any non-governmental corporate entities with business in the District</u> on the other hand;

ix. All payments, guarantees, incentives, stock options, stock plans, medical insurance or disability plans, reimbursements, benefits, <u>communications</u> or other <u>similar</u> arrangements by, between or offered by Jastec Co., Ltd and/or Jastec International <u>and LTU or LTU Personnel</u> from February 2005 to present;

x. <u>All commercial contracts, agreements, communications, letters of understanding, proposals or similar arrangements to which Jastec Co., Ltd. or Jastec International is a party, guarantor or supplier or in which either Jastec entity's resources or investment are mentioned or relied upon, with respect to any activity in the District of Columbia</u>;

xi. <u>All communications discussing, proposing or otherwise related to shared officers and directors; shared services, shared bank accounts or shared credit lines between either or both of the Jastec entities on the one hand and LTU or LTU Personnel on the other hand, or other financial relationships that may be accessible to both the Jastec entities or either one of them on the one hand, and LTU or LTU Personnel on the other hand</u>;

xii.  Communications regarding all visits by the employees, officers, directors, agents or contractors of Jastec International and/or Jastec Co., Ltd. to the District of Columbia; and

xiii. All <u>communications</u>, press releases, promotional materials, <u>responses to requests for proposal and consulting agreements issued, prepared or circulated by Jastec International and/or Jastec Co., Ltd. in the District of Columbia, or issued, prepared, circulated or otherwise used by LTU or LTU Personnel in the District by or on behalf of either of the Jastec entities or relying on the investment or backing of the Jastec entities</u>.

**b.    Deposition of Noboru Nakatani**

The deposition of Mr. Nakatani would proceed following Defendants' proposed conditions. The issues to be addressed in the deposition include, but are not limited to, the following:

i.    Mr. Nakatani's employment history with Jastec International <u>and Jastec Co., Ltd</u>;

ii.   This topic is the same as Defendants' ii.;

iii.  <u>Details regarding the extent of all employees' and representatives' of both Jastec Co., Ltd. and Jastec International presence in the District of Columbia for business reasons, including all travel to or meetings in the District</u>;

    iv.    The relationship among Jastec International, <u>Jastec Co., Ltd</u>. and LTU as to:

        a.    employee relations;

        b.    financial resources shared by the companies;

        c.    common business conducted in the District of Columbia;

        d.    payments <u>or guarantees of any kind</u> made by <u>either Jastec entity</u> to LTU <u>and/or LTU, SAS, or to the employees of LTU and or LTU, SAS, including but not limited to, all stock, stock options, retirement and benefits plans</u>;

        e.    loans made by <u>either Jastec entity</u> to LTU; and

        f.    Mr. Nakatani's knowledge of the interactions among <u>Jastec Co., Ltd.</u>, Jastec International and LTU, including the topic of the companies' websites.

    v.    This topic is the same as Defendants' iv.

    vi.    <u>The details of contacts and relationships directly between Jastec Co., Ltd. and LTU, and the employees of LTU, including employee relations, stock options, bonus plans, financial resources shared by the companies, and common business conducted in the District of Columbia</u>;

    vii.    <u>All licensing, development, consulting or other agreements or financing between 1) Jastec Co., Ltd. and LTU and/or LTU, SAS; 2) Jastec International and LTU and/or LTU, SAS; and 3) the employees of LTU;</u> and

    viii.    <u>All contracts between LTU and/or Jastec Co., Ltd. and any US government agency or District of Columbia governmental agency or any non-governmental corporate entities with business in the District with which LTU and/or Jastec Co., Ltd. has or had a business relationship</u>.

**c.**    **Deposition of an LTU Rule 30(b)(6) Designee on the following topics**

The deposition of the LTU designee would proceed following Defendants' proposed conditions. The issues to be addressed in the deposition include, but are not limited to, the following:

i.    <u>Details regarding the extent of all employees' and representatives' of both Jastec Co., Ltd. and Jastec International presence in the District of Columbia for business reasons, including all travel to or meetings in the District</u>;

ii.    The relationship among Jastec International, <u>Jastec Co., Ltd</u>. and LTU as to:

    i.    employee relations;

    ii.    financial resources shared by the companies;

    iii.    common business conducted in the District of Columbia;

    iv.    <u>payments or guarantees of any kind made by either Jastec entity to LTU and/or LTU, SAS, or to the employees of LTU and or LTU, SAS, including but not limited to, all stock, stock options, retirement and benefits plans</u>; and

    v.    <u>loans made by either Jastec entity to LTU</u>.

    iii. <u>The relationship between Jastec International and Jastec Co., Ltd. as to</u>:

        i. <u>employee relations</u>;

        ii. <u>financial resources shared by the companies; and</u>

        iii. <u>common business conducted in the District of Columbia</u>.

    iv. <u>The details of contacts and relationships directly between Jastec Co., Ltd. and LTU, and the employees of LTU, including employee relations</u>, stock options, bonus plans, <u>financial resources shared by the companies, and common business conducted in the District of Columbia</u>;

    v. <u>All licensing, development, consulting or other agreements or financing between 1) Jastec Co., Ltd. and LTU and/or LTU, SAS; 2) Jastec International and LTU and/or LTU, SAS; and 3) the employees of LTU; and</u>

    vi. <u>All contracts between LTU and/or Jastec Co., Ltd. and any US government agency or District of Columbia governmental entity or any non-governmental corporate entities with business in the District with which LTU and/or Jastec Co., Ltd. has or had a business relationship</u>.

**2. Requests for Admissions**

Plaintiff would reserve a brief period for the propounding of Requests for Admissions after the conclusion of the discovery period.

**3. Plaintiff's Discovery Production to Defendants**

The only production permitted from Plaintiff will be the identification of the

12

witnesses, expert witnesses and documents relied on by Plaintiff, sufficient to allow Defendants to take depositions prior to the close of discovery.

Dated: November 20, 2007

> Respectfully submitted,
>
> _____/s/ Walter E. Steimel, Jr._____
> Walter E.Steimel, Jr. (D.C. Bar No. 446262)
> Mark Hogge (D.C. Bar No. 404882)
> GREENBERG TRAURIG, LLP
> 2101 L Street, N.W., Suite 1000
> Washington, DC 20037
> Telephone: (202) 331-3100
> Facsimile: (212) 331-3101
>
> *Attorneys for Plaintiff Advanced Digital Forensic Solutions, Inc.*