UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ADVANCED DIGITAL FORENSIC ) | |
| SOLUTIONS, INC., ) | |
|     Plaintiff, ) | |
|     v. ) | Civil Action No. 07-683 (CKK/AK) |
| ) | |
| LTU TECHNOLOGIES, INC., *et al.*, ) | |
|     Defendants. ) | |
| ) | |

**MEMORANDUM ORDER**

This matter was referred to the undersigned by the trial court for resolution of issues relating to jurisdictional discovery. (December 5, 2007 Minute Order.) Plaintiff has requested leave to take "limited [jurisdictional] discovery between the parties to determine whether Jastec Tokyo and Jastec International have sufficient minimum contacts with the forum to satisfy due process concerns." (Pl.'s Opp'n to Defs.' Mot. To Dismiss [24] at 12.)[1] On November 6, 2007, the trial court entered an Order directing the parties to submit a Joint Discovery Plan, which "should request no more than 60 days for the jurisdictional discovery, and should set forth the precise scope and nature of the discovery sought." (November 6, 2007 Order at 2.) On November 20, 2007, the parties submitted their Proposed Plan as to Jurisdictional Discovery [27] indicating that because they were "unable to agree on a joint discovery plan[,]" they instead submitted two separate proposed discovery plans. This Court notes that the Plaintiff's proposed plan references

---

[1]Two of the Defendants in this case, LTU and LTU France, concede that they are subject to the jurisdiction of this Court, while the other two Defendants, Jastec and Jastec Tokyo, have filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction. Plaintiff opposed the Motion to Dismiss and requested leave to take limited jurisdictional discovery. (*See* November 6, 2007 Order [26] at 1.)

and expands upon the Defendants' proposed plan.

## Jurisdictional Discovery

The law in this Circuit makes it clear that plaintiffs should be afforded an opportunity to conduct limited jurisdictional discovery before the district court dismisses a claim for lack of jurisdiction. *See Singh v. South Asian Society of the George Washington University*, Civil Action No. 06-574, 2007 WL 1521050 at *5 (D.D.C.) ("The plaintiff must be allowed limited jurisdictional discovery before a district court can dismiss for lack of jurisdiction.") (citing *Ignatiev v. United States*, 238 F.3d 464, 466-67 (D.C. Cir. 2001)); *Bancoult v. McNamara*, 214 F.R.D. 5, 10 (D.D.C. 2003) ("if a defendant files a motion to dismiss for lack of personal jurisdiction, a plaintiff is 'entitled to reasonable discovery, lest the defendant defeat the jurisdiction of the federal court by withholding information on its contacts with the forum.'") (quoting *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996)); *Diamond Chemical Co. v. Atofina Chemicals, Inc.*, 268 F. Supp.2d 1, 15 (D.D.C. 2003) ("This Circuit's standard for permitting jurisdictional discovery is quite liberal. . . . "). *See also GTE New Media Services Inc. V. Bellsouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000) ("if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified").

In the instant Motion, the trial court issued an Order [26] directing the production of a jurisdictional discovery plan and indicated that it is "inclined to grant limited jurisdictional discovery based on this Circuit's precedents, but it shall not make a final determination until after the Parties submit a Joint Discovery Plan to the Court." ( [26] at 2.) This Court finds that the weight of law in this Circuit favors jurisdictional discovery and accordingly, the only unresolved issue is the scope of discovery that will be permitted by this Court.

Discovery Requests
Production of Documents by Defendants

Defendants indicate that they are willing to produce a number of documents. Plaintiff's proposal for Defendants' production is based on Defendants' proposed production, with Plaintiff's additions and modifications thereto. Because the parties are unable to reconcile the scope of jurisdictional discovery, this Court will begin with Defendants' proposal and modify it as it deems necessary. Defendants' document production Topic (i) should be modified to include both the Jastec entities: Jastec International and Jastec Co., Ltd. and the LTU entity should be modified to include agents of LTU, who are authorized to act on its behalf. Topic (ii) should follow the modifications in Topic (i) and include the term "or guarantees" after the term "loan documents." Topics (iii) and (iv) should follow the modifications in (i) and include the term "or guarantees" after the word "payments." Topics (v) and (vii) are the same in both versions and are acceptable as drafted. Topic (vii) should include licensing agreements between the Jastec entities and LTU or LTU SAS, including agents authorized to act on behalf of LTU or LTU SAS. Defendants' version of Topics (viii), (ix) and (x) are acceptable as drafted. Plaintiff's proposed Topic (x) is vague and overly broad and duplicative of Topic (viii) and need not be included. Plaintiff's proposed Topics (xi) and (xii) requesting "all communications" relating to a variety of topics are overly broad for purposes of conducting limited jurisdictional discovery and furthermore, such inquiries may be more appropriately directed to a witness during deposition. These proposed Topics will thus be disallowed.

Deposition of Noboru Nakatani

Defendants have agreed to make Noboru Nakatani, President of Jastec International, Inc.

available for a deposition.  Defendants' [deposition] Topic (I) relates to Mr. Nakatani's employment history with Jastec International.  This Topic should also include any employment with Jastec Co., Ltd.  Topic(ii) is the same in both versions and is therefore acceptable.  Topic (iii) should be modified to include Jastec Co., Ltd. for purposes of responding to subparts (a)-(c) and (e)-(g).  Subpart (d) should include "licensing and development agreements" in addition to consulting agreements [consistent with Plaintiff's proposed Topic (vii)].  Subpart (f) should include "or guarantees" after the word "payments" and it should include the entity LTU, SAS.  Defendants' Topic (iv) should be modified to also include the relationship of the Jastec entities to LTU, regarding the subparts listed therein and such modification incorporates Plaintiff's Topic (vi).[2]  Plaintiff's Topic (viii) may be included in the list of topics to be discussed by Mr. Nakatani.  Plaintiff's Topic (iii) should be modified to require a "description" or "summary"  instead of "details."

Deposition of LTU Rule 30(b)(6) Deposition

Defendants have agreed to provide a Fed. R. Civ. P. 30(b)(6) corporate designee deponent on behalf of the LTU corporate defendants. For purposes of Defendants' proposed Topics (i)-(vi), the inquiry should not be limited to LTU and Jastec Co., Ltd., but it will instead be expanded to encompass the various relationships between and among LTU, Jastec Co., Ltd. and Jastec International.  Topic (ii) should also be expanded to include retirement and benefit plans.  Topic (v) should also include inquiry about contracts reflecting this "common business."  Plaintiff's proposed Topic (i) relates to the presence of the Jastec entities in the District of Columbia and is

---

[2] Plaintiff's Topic (v) is identical to Defendants' Topic (iv). ([27] at 10.)

better directed to Mr. Nakatani, as discussed in the preceding section of this Memorandum Order. Plaintiff's Topic (ii) subparts (i)-(iii) are encompassed within Defendants' Topics (i), (iv) and (v) and need not be separately included in the list of deposition topics. Plaintiff's Topic (ii) subpart (iv) has been addressed above. Plaintiff's Topic (ii) subpart (v) [loans] is encompassed within Defendants' Topic (vi) [agreements] and need not be separately listed. Plaintiff's Topic (iii) duplicates topics on which Defendants' witness will testify, and Plaintiffs' Topic (iv) is also duplicative. Plaintiff's Topic (v) [licensing, development, consulting or other agreements] should be included within the inquiry on Defendants' Topic (vi) [agreements]. Plaintiff's Topic (vi) has been addressed above.

Remaining Proposed Discovery

Plaintiff's Requests for Admissions during the period of limited jurisdictional discovery are denied as unnecessary at this time. Similarly, this Court finds that Defendants' proposal to serve Plaintiff with Interrogatories and Document Requests is premature at this stage in the proceeding. Plaintiff has volunteered to identify "the witnesses, expert witnesses and documents relied on by Plaintiff, sufficient to allow Defendants to take depositions prior to the close of discovery." (Plaintiff's Proposed Plan at 12-13) and this is acceptable to the Court.

Wherefore, it is this 20th day of December, 2007, hereby

ORDERED that the Proposed Plan for limited jurisdictional discovery will be modified in scope as set forth herein. The parties must complete their limited jurisdictional discovery within 60 days from the date of this Memorandum Order.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE