**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ADVANCED DIGITAL FORENSIC SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LTU TECHNOLOGIES, Inc., *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.: 1:07-cv-00683 CKK

**PROTECTIVE ORDER**

1.    This Protective Order shall govern the use and dissemination of all information, documents or materials that are produced or deemed produced within this action and designated as Confidential or Highly Confidential.

2.    The term "document" or "documents," as used in this Protective Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure.

3.    The term "Trade Secret," as used in this Protective Order, is defined to include information, documents, or materials not in the public domain that are so proprietary or competitively sensitive that their public disclosure is likely to cause competitive injury on matters considered as trade secrets under the applicable law of the District of Columbia.

**Disclosure in Related Actions**

4.    This action and the following are Related Actions: (i) *LTU Technologies, Inc. v. Advanced Digital Forensic Solutions, Inc., and Raphael Bousquet*, Civil Action No.: 2006 CA 007045B, Superior Court for the District of Columbia Civil Division; (ii) *LTU Technologies, Inc. v. Jai Jit Wallia*, 1-07-CV-089337, Superior Court for Santa Clara County, California; and (iii)

any action, including an arbitration proceeding, that results from the removal, transfer or re-filing of either of these actions or is agreed by the parties hereto to be related. The Parties contemplate that a substantially identical protective order has been or will be entered by consent in Related Actions. Other provisions of this Order notwithstanding, upon entry of such an order in a Related Action, a Party may disclose Confidential or Highly Confidential information subject to this Order in said Related Action, provided that such disclosure is subject to and not in violation of the protective order in the Related Action. Whether disclosure in the Related Action complies with the protective order entered in that action will be determined by the court or other body which entered the order.

### Confidential Information

5.      (a)      Any party to this action or a Related Action or other person who produces or supplies information, documents or other materials used in this action or a Related Action (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" any such information, document or material that it reasonably and in good faith believes (i) constitutes or contains Trade Secret information; (ii) constitutes or contains proprietary business or financial information, or confidential research, development or commercial information; or (iii) is otherwise protectable under applicable law. The designation "Confidential" may be made by affixing on the document or material containing such information, and upon each page so designated if practicable, words that in substance state, **"CONFIDENTIAL"** or **"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."** Nothing herein shall prevent the parties from using other practical methods of designating documents as confidential and the parties agree to meet and confer in good faith with respect to such other practical methods. If the

parties cannot agree on such other method(s), the party seeking the use of such other method(s) shall seek an Order on good cause shown, allowing the use of such other method(s).

(b)    Depositions and hearings may be designated Confidential by indicating that fact on the record at the deposition or hearing. The court reporter shall include on the cover page a clear indication that the deposition or hearing has been designated Confidential. Once a Designating Party has advised the court reporter that Confidential information has been disclosed during a deposition or hearing, then any transcript of that deposition or hearing in which Confidential information is discussed, and any Confidential information, documents or materials that are marked as exhibits, shall be treated as Confidential information. Within thirty (30) days of receipt of the initial deposition or hearing transcript by counsel for the Designating Party, such counsel shall advise the court reporter of the pages and lines in which Confidential information appears. The transcript shall be supplemented to indicate such designations. Pending the expiration of thirty days after a deposition transcript is received by the deponent or his counsel, all parties and persons shall treat the deposition transcript as if it has been designated "Confidential."

6.    Confidential information shall not be disclosed by any party other than the Designating Party other than as expressly authorized in this Protective Order and may be disclosed only to:

    a.    The tribunal where this dispute is adjudicated (the "Court" or "tribunal") and its personnel, and any appellate court and its personnel.

    b.    Counsel of record in this litigation (including staff persons employed by such counsel).

    c.    Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance.

    d.    Except for persons described by paragraphs 5(c) witnesses and potential witnesses who have not had previous access to Confidential information, where the party making disclosure reasonably believes such witnesses and potential witnesses are likely to be called to testify about matters concerning the Confidential information they are being shown. Disclosure shall not include providing to such individual his/her own copy of any document or other tangible item containing Confidential material. In addition, the party making disclosure shall maintain a written record of the Confidential information shown to persons under this paragraph.

    e    Witnesses and potential witnesses who have had previous access, provided that disclosure to witnesses or potential witnesses shall be limited to Confidential material that the party making disclosure reasonably believes the individual previously has seen. Disclosure shall not include providing to such individual his/her own copy of any document or other tangible item containing Confidential material. In addition, the party making disclosure shall maintain a written record of the Confidential information shown to persons under this paragraph.

    7.    If a party wishes to disclose any material designated as Confidential to any person not described in paragraph 5 of this Protective Order, permission to so disclose must be requested from the Designating Party in writing in the following manner: the names of the persons to whom "Confidential" material is to be disclosed shall be provided in writing to lead counsel for the Designating Party, together with a description with reasonable specificity of the confidential material to be disclosed. Such disclosure shall not be deemed to constitute a waiver of the attorney-client or work product privileges. Counsel for the Designating Party shall have five business days to object to such disclosure in writing. If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless, upon motion by the party requesting such permission, this Court orders otherwise. However, each party may disclose its own Confidential information without regard to this Protective Order, unless otherwise prohibited under an existing order or duty not to do so.

4

8.    Any person to whom Confidential information may be disclosed pursuant to paragraphs 5 and 6 hereof, except this tribunal and its personnel, first shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A ("Confidentiality Acknowledgment A"). Counsel for the party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment, and upon request shall be required to file with the Court under seal a copy of the signed acknowledgment of any person to whom Confidential information has been disclosed.

9.    Where any Confidential information or information derived from Confidential information is included in any Court filing, such filing shall be (a) marked "**CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER**" and (b) placed in a sealed envelope marked with the caption of the case and held under seal.

## Highly Confidential Information

10.    Any party to this action or a Related Action or other person who produces or supplies information, documents or other tangible items generated by it for use in this action or a Related Action in the course of discovery may in good faith designate as "Highly Confidential" only information concerning (a) marketing plans and methods having current or future applicability; (b) business planning and financial documents having current or future applicability; and (c) other information not constituting marketing plans or methods or business planning and financial documents which otherwise constitute "Trade Secrets" (as defined in Paragraph 3) when the information is so proprietary or competitively sensitive that its disclosure is likely to cause irreparable injury to the Designating Party. The designation "Highly Confidential" may be made by affixing on the document or material containing such information,

words that in substance state, **"CONFIDENTIAL OUTSIDE ATTORNEYS-EYES-ONLY"** **or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."** The software code at issue in the Related Actions to this case will be deemed HIGHLY CONFIDENTIAL regardless of its label. The software code will only be seen by the outside attorneys, arbitrators, arbitrators' consultants and Experts. Nothing herein shall prevent the parties from using other practical methods of designating documents as highly confidential and the parties agree to meet and confer in good faith with respect to such other practical methods. If the parties cannot agree on such other method(s), the party seeking the use of such other method(s) shall seek an Order on good cause shown, allowing the use of such other method(s).

11.     Highly Confidential information shall not be disclosed by any party other than the Designating Party other than as expressly authorized in this Protective Order and may be disclosed only as follows:

a.     Disclosure may be made to this Court and its personnel. Paragraph 8 of this Protective Order shall apply to any disclosure of Highly Confidential information to the tribunal, except that the cover page of the filed documents or materials shall be marked: **"HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY -- DISSEMINATION RESTRICTED BY PROTECTIVE ORDER."** Other than Designated Attorneys (defined in paragraph 11(b)), and counsel for the Designating Party, counsel shall not be served with copies of court filings of Highly Confidential information, but instead shall have access solely in accordance with paragraph 11(d).

b.     Access on the part of any party other than the Designating Party to Highly Confidential information shall be limited to four (4) attorneys from each private law firm of record representing a party seeking discovery ("Designated Attorneys"). Designated Attorneys must execute Confidentiality Acknowledgment A. Counsel for the Designating Party obtaining a person's signature on the

Confidentiality Acknowledgment will retain the original signed acknowledgment.

c.   Information stored in an electronic format, of any kind shall not be stored on a hard drive and shall not be copied except to provide a copy of the information to a person eligible to view the information under this Agreement. Said copy will be returned to the providing attorney(s) as soon as feasible and be destroyed immediately thereafter.

d.   Highly Confidential information shall be produced directly into the custody of one of the private Designated Attorneys. Highly Confidential information, including all notes or summaries of such information, shall be maintained in a locked filing cabinet within a Designated Attorneys' law offices.   Highly Confidential information shall not be removed from the immediate area or office for review. If a Designated Attorney uses a dictaphone to take notes of Highly Confidential information, the tape containing such Highly Confidential information, or any transcription thereof, must also remain in the area of the locked file cabinet.   If it is electronically recorded the dictation shall be transcribed immediately and the electronic recording will be erased immediately thereafter.   Nothing contained herein shall prevent a party from seeking an Order upon good cause shown providing for alternative means of access to Highly Confidential information for Experts pursuant to paragraph 11(e).

e.   Disclosure of Highly Confidential information may be made to Experts who are actively assisting in the preparation and hearing of this action or a Related Action. Prior to disclosing any Highly Confidential information to any Expert:

   (i)   Counsel for the party contemplating such disclosure shall determine that (a) disclosure to any Expert of particular Highly Confidential information is, in that counsel's good faith judgment, necessary to that party's prosecution of the case, (b) in the case of Highly Confidential information produced by a defendant, the Expert is not, and is not believed to intend to become affiliated with or employed by any entity that is or intends to be in the image search and recognition business and (c) counsel has no knowledge or information concerning the Expert that makes reliance on the Expert's Confidentiality

Acknowledgment, as required by subsection e.(ii), below, unwarranted.

(ii)    Prior to disclosure, each such Expert must execute the Confidentiality Acknowledgment annexed hereto as Exhibit B ("Confidentiality Acknowledgment B"). The Expert must also agree to not become affiliated with the retaining party in any other manner beyond this dispute for a period of two years. Counsel for the party obtaining an Expert's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment.

f.    A Designated Attorney shall, upon granting access to Highly Confidential information to any person outside the Designated Attorney's law firm, maintain a written record of the identity of each such person and the identity of the information to which they have been given access. Each person who executes a Confidentiality Acknowledgment shall also comply with these recordkeeping provisions. A copy of this written record shall be produced to any Designating Party upon request after the conclusion of this action and Related Actions, unless otherwise ordered by the Court.

g.    Except for the software code at issue in the Related Actions to this case, a Designated Attorney may grant access to a non-Producing Party solely as to a Producing Party's Highly Confidential information that has been specifically identified by the Producing Party in its pleadings or discovery responses as a document or information that the non-Producing Party misappropriated or misused; provided, however, that access pursuant to this provision is limited only to: (i) the individual defendants in the Related Actions to this case, each to the extent he is alleged to have misappropriated or misused a particular document or piece of information that he had access to while employed by plaintiff in the Related Actions to this case LTU Technologies, Inc.; (ii) any other individual(s) alleged by the Producing Party to have seen or used such a given item of Highly Confidential information, and/or (iii) agents, officers, or employees whom a non-Producing corporate Party acknowledges have seen or used such information while in its employ. A non-Producing Party may only review Highly Confidential information for purposes of assisting in the prosecution or defense of this action or a

8

Related Action and only after being advised by counsel of this Agreement, its meaning and purpose, and signing Confidentiality Acknowledgment "A", annexed hereto. A non-Producing Party must review Highly Confidential information in the office of counsel and will not make or be provided copies of any Highly Confidential information. Any Highly Confidential information that is in electronic format may only be viewed on a computer screen. If a party wishes to disclose Highly Confidential information to someone who is not otherwise authorized to see such Highly Confidential information, such party will meet and confer with the Designating Party with respect to such disclosure. If the parties cannot agree in good faith, the party seeking to make disclosure shall seek an Order of the tribunal on good cause shown. If the tribunal orders disclosure, such disclosure shall be made in accordance with the provisions of this paragraph 11.

12.    A Designating Party may in good faith redact non-responsive and/or irrelevant Highly Confidential information from any document or material. However, unredacted copies of such documents shall be maintained by the Designating Party. Designated Attorneys for a Discovering Party and, if necessary, qualified Experts under paragraph 11(e) retained by them, may have access to the unredacted versions of the documents at a place of the Designating Party's choosing but only for the purpose of ascertaining, and where indicated, contesting, the appropriateness of any redactions. In no event does this permit either party to view materials redacted based on a claim of attorney-client privilege or work product.

13.    (a)    Without further order of the Court, a party may use Highly Confidential information in preparing to depose or in deposing only (i) an individual who is or was eligible to have access to the Highly Confidential information by virtue of his or her post-dispute employment with the Designating Party, or (ii) an Expert (who shall meet the conditions of paragraph 10(e)), subject to the following conditions:

(i)    At least three (3) business days before the preparation[1] or deposition, whichever is earlier, counsel preparing the deponent or counsel noticing the deposition (or any other counsel planning to use Highly Confidential information) shall notify counsel for the Designating Party, with service to other parties, of the Bates numbers (or other identifying information, if Bates numbers are inapplicable, such as with interrogatory answers) of the Highly Confidential information to be used during the preparation or deposition. Such identifying information shall not include the substance of the Highly Confidential information.

(ii)    Counsel for the Designating Party may object to the proposed disclosure in writing (which writing must include a statement of the basis for the objection) at least two (2) days before the preparation or deposition, whichever is earlier. If such objection is made, the portion of the preparation and deposition which involves the objected-to Highly Confidential information shall be held in abeyance pending resolution by the Court of the Designating Party's Motion for Protective Order (or some other request for relief as designated by the Court) respecting the Highly Confidential information, which Motion or other request for relief shall be filed no later than one (1) business day of the Designating Party's objection. The Designating Party shall attempt to file such Motion or other request for relief as quickly as possible.

(iii)    If no objection is made to the use of the Highly Confidential information in preparation, such preparation may proceed in accordance with the procedures set forth in paragraph 10 herein. If no objection is made to the use of the Highly Confidential information in the deposition, the Designated Attorney noticing the deposition may personally

---

[1]    The provisions regarding preparation in paragraph 13(a)(i) and (ii) do not apply to experts authorized to see Highly Confidential information pursuant to paragraph 11(e) above.

10

remove the document or material from the secure cabinet to a nearby copying station and make one (1) copy of the Highly Confidential information for transport to the location of the deposition. The original must be returned to and kept in the secure cabinet and the copy must either be destroyed after the conclusion of the deposition or, if it is made a deposition exhibit, it shall be placed in a sealed envelope that is legended in accordance with paragraph 10(a).

(iv)    The Designating Party may not use information designated as Highly Confidential at a deposition if that party has objected to the use of that same Highly Confidential information at said deposition by other parties, and said objection has not been overruled.

(b)    If a party wishes to disclose Highly Confidential information at the preparation, or in the deposition, of someone who is not authorized under paragraph 12(a) above to see such Highly Confidential information, such party will meet and confer with the Designating Party with respect to such disclosure. If the parties cannot agree, the party seeking to make disclosure shall seek an Order of the tribunal on good cause shown. If the tribunal orders disclosure, such disclosure shall be made in accordance with the provisions of paragraphs 10 and 12 (a)(iii) above.

14.    No one may attend or review the transcripts of the portions of any deposition or hearing at which Highly Confidential information is shown or discussed, other than the court reporter (who shall first have executed Confidentiality Acknowledgment A), Designated Attorneys, counsel for the Designating Party, the deponent, and counsel for the deponent (provided deponent and deponent's counsel have previously executed the Confidentiality Acknowledgment A), and experts qualified to review Highly Confidential information under Paragraph 11(e).

15.     If a Designating Party advises the court reporter that Highly Confidential information has been disclosed during a deposition or hearing, the entire transcript shall initially be treated as Highly Confidential information.  Counsel for the Designating Party shall, within ten (10) business days of receipt of the initial transcript, advise the court reporter of the pages and lines in which Highly Confidential information appears.  During that 10-day period, and until the court reporter delivers the transcript pages and exhibits containing Highly Confidential Information separately bound as described below, the entire transcript must be treated as Highly Confidential and distributed by the reporter only to Designated Attorneys to be kept in the secure cabinet, Designated Co-Counsel and counsel for the Designating Party.  The transcript shall be supplemented to indicate such designations.  Transcript pages and exhibits containing Highly Confidential information shall be bound under separate cover, designated "Highly Confidential" and distributed only to the Designated Attorneys, and counsel for the Designating Party.  The portions of any deposition transcript and any exhibits that have been designated as Highly Confidential shall be treated as Highly Confidential information.

16.     Any presentation of Highly Confidential information to the tribunal prior to the hearing shall be made in the presence of only the presiding officer, an authorized court reporter (who shall have executed Confidentiality Acknowledgment A), Designated Attorneys, counsel and/or other representatives of the Designating Party, and Designated Co-Counsel.

### General Provisions

17.     Except to the extent expressly authorized in this Protective Order, neither Confidential information nor Highly Confidential information shall be used or disclosed for any purpose other than the preparation and hearing of this case, Related Action and/or any appeal therefrom.

18.     Any summary, compilation, notes or copy containing Confidential information or Highly Confidential information, or any electronic image or database containing Confidential information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

19.     Any party may, at any time after production of material designated under this Protective Order, object to its designation by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made. The parties shall, within fifteen (15) days of service of the written objections, confer concerning the objection. If the objection is not resolved, the Designating Party shall, within fifteen (15) days of the conference, file and serve a motion or other request for relief (as designated by the tribunal) to resolve the dispute over the designation of the material and shall bear the burden of proving, on a particularized document-by-document or category-by-category basis as is appropriate, why the designation and treatment of the material as Confidential or Highly Confidential is justified under applicable law. If no such motion or request for relief is filed within the stated time period, the material will be redesignated as appropriate. If a motion is filed or other request for relief made, information subject to dispute shall, until further order of the arbitrator, be treated consistently with its designation. With respect to any material which is redesignated or ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the redesignation or removed as appropriate.

13

20.    Failure to designate any information as Confidential or Highly Confidential pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the failure.    At such time, arrangements shall be made for the Designating Party to substitute properly labeled copies.    To the extent that, prior to such notice, a party receiving the document or information may have disclosed it to persons other than authorized persons pursuant to this Order, the party shall not be deemed to have violated this Order in any respect, but the party shall make every reasonable effort to retrieve any document or information promptly from such persons and to limit any further disclosure pursuant to this Order.    Disclosure of information protected by the attorney-client, work product or other applicable privilege or protection (a "privilege") in this litigation shall not constitute a waiver of any otherwise valid claim of privilege and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter.    A party that discovers that it has produced privileged information shall request its return within thirty (30) days of the discovery of such production.    The privileged documents together with all copies thereof and any notes made therefrom shall be returned forthwith to the party claiming privilege. Any motion challenging, the privilege or Otherwise referring to the documents at issue shall be filed under seal.

21.    Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

22.    A copy of this Protective Order shall be served with any Subpoena or deposition notice compelling the production of documents or information from any third party.

14

23.     If another court or administrative agency subpoenas or orders production of Confidential information or Highly Confidential information that a party has obtained under the terms of this Protective Order such party shall, if there are fewer than ten (10) days to comply, within two (2), or if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, notify the Designating Party of the pendency of the subpoena or order in writing, and shall not produce the Confidential or Highly Confidential information until the Designating Party has had reasonable time to take appropriate steps to protect the material.  It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance, and, to give the Designating Party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

24.     This Protective Order shall not prevent any of the parties from moving this Court for an order that Confidential information or Highly Confidential information may be disclosed other than in accordance with this Protective Order.  This Protective Order is without prejudice to the right of any party to seek modification of it from the tribunal.  It shall remain in effect until such time as it is modified, amended or rescinded by the tribunal.  This Protective Order does not affect any Party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought contains trade secrets or other confidential research, development or commercial information.

25.     This tribunal shall have continuing jurisdiction to modify, amend, enforce, interpret or rescind this Protective Order notwithstanding the termination of this action or a Related Action.

26.    Within sixty (60) days after conclusion of the last Related Action, all documents and materials containing Confidential information or Highly Confidential information (other than exhibits at the official court of record) shall be returned to the Designating Party or, at the sole option of the Designating Party, destroyed.    Counsel for any party or third party receiving Confidential information or Highly Confidential information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party within one hundred twenty (120) days after the conclusion of the last Related Action, including exhaustion of appeals.

**IT IS SO ORDERED** this _18_ day of _Jan._, 2008.

_____

United States District Judge

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ADVANCED DIGITAL FORENSIC SOLUTIONS, INC.,   )    ) | |
|    ) | |
|   Plaintiff,   ) | |
|    ) | |
|   v.   ) | Civil Action No.: 1:07-cv-00683 CKK |
|    ) | |
| LTU TECHNOLOGIES, Inc., *et al.*,   ) | |
|    ) | |
|   Defendants.   ) | |

**CONFIDENTIALITY ACKNOWLEDGMENT A**

I, _____, being duly sworn on oath, state the following;

1.    I have read and understand the Protective Order to which this Exhibit A is annexed and I attest to my understanding that access to information designated Confidential or Highly Confidential may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I acknowledge that I am only entitled to review the information I am provided and not to obtain or keep a copy of my own. I agree to promptly return any document or information provided to me for review. I hereby submit to the jurisdiction of the District of Columbia, and to the application of District of Columbia law, for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

A-1

2.      I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential information or Highly Confidential information.  If I fail to abide by the terms of this Confidentiality Acknowledgment or the Protective Order, I understand that I may be subject to monetary sanctions and or an action at law.

Dated:                                                  _____

_____                                 Signature


                                                       _____

                                                       Printed Name


                                                       _____

                                                       _____

                                                       Address


                                                       _____

                                                       Individual or Entity Represented


        Subscribed and sworn to before me this ___ day of _____, 2008.   Witness my hand and official seal.


                                                       _____

                                                       Notary Public


My Commission Expires: _____


A-2

EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADVANCED DIGITAL FORENSIC SOLUTIONS, INC.,      ) | |
|     ) | |
| Plaintiff,     ) | |
|     ) | |
| v.     ) | Civil Action No.: 1:07-cv-00683 CKK |
|     ) | |
| LTU TECHNOLOGIES, Inc., *et al.*,     ) | |
|     ) | |
| Defendants.     ) | |

## CONFIDENTIALITY ACKNOWLEDGMENT B

I, _____, being duly sworn on oath, state the following:

1.    I have been retained by _____ [party] to serve [as an expert] in this action.

2.    I have read and understand the Protective Order to which this Exhibit B is annexed and I attest to my understanding that access to information designated Highly Confidential may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I agree to promptly return any document or information provided to me for review, unless expressly authorized to keep a copy for purposes of this litigation. If so authorized, I agree to return the material when I no longer require it and, in any event, to comply with paragraph 11(e) of the Protective Order at the conclusion of the proceeding. I hereby submit to the jurisdiction of the District of Columbia, and to the application of District of Columbia law, for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

3.      I am not currently, and agree that, as a means of further protecting Highly Confidential information, I shall not be an officer, director, employee, consultant or agent (other than outside Counsel) of any Competitor of the Designating Party (as defined in paragraph 11(e)(i)(b) of the Protective Order) for a period of two (2) years after I am last given access to any Highly Confidential information.  I recognize that, as a practical matter, this limitation is unlikely to have an impact on my employment opportunities, but understand that if I do wish to take a position that would otherwise be barred by virtue of this provision, I shall consult with the Designating Party in an effort to reach an agreement about whether my intended activity with or for a Competitor can be structured in such a way, or the Designating Party can otherwise be reasonably satisfied, that there is not a material risk of unauthorized use or disclosure of Highly Confidential information.

4.      I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential information or Highly Confidential information.  If I fail to abide by the terms of this Confidentiality Acknowledgment or the Protective Order, I understand that I may be subject to monetary sanctions or an action at law.

Dated:

_____

_____

Signature

_____

Printed Name

_____

_____

Address

_____

B-2

Individual or Entity Represented

     Subscribed and sworn to before me this ___ day of _____, 2008.   Witness my hand and official seal.

_____
Notary Public

My Commission Expires: _____